S. H. PARISOT *v*. WILLIAM R. GREEN et al.

1. JURISDICTION OF STATE COURTS TO MAINTAIN PERSONAL ACTION AGAINST OWNERS OF STEAMBOAT.— A judgment against the owners of a steamboat, in action of assumpsit on their promise to pay for supplies furnished for their steamboat, is not void for want of jurisdiction in the state court.

2. JUDGMENT BY DEFAULT ON DUE SERVICE OF SUMMONS NOT VOID, BECAUSE ANOTHER WAS MENTIONED IN DECLARATION. — Where the declaration avers that the steamboat and two owners named are indebted to plaintiffs, and summons is duly served on the owners, a judgment by default against them is not void, and cannot, on such ground, be enjoined.

3. JUDGMENT MERELY ERRONEOUS CANNOT BE QUESTIONED COLLATERALLY. — A judgment which is not void, but merely erroneous, cannot be questioned collaterally.

APPEAL from the chancery court of Warren county. HILL, Chancellor.

*Harris & Harris,* for the appellant.

*Adams & Speed,* for appellees.

SIMRALL, J. :

Wm. R. Green & Co. recovered a judgment in the circuit court of Warren county, against Parisot and one Dent, several years ago. The sheriff had already levied or was about to levy an execution upon the property of Parisot, who in a suit in chancery enjoined the sheriff and the creditors, on the allegations that the judgment was void. A motion to dissolve the injunction and a demurrer to the bill were heard at the same time, both of which were sustained, and the injunction was dissolved and the bill dismissed. From that order an appeal was taken which presents the only question made in this court.

The objection taken to the judgment is, that the court had no jurisdiction, the subject-matter of the suit being exclusively within the admiralty jurisdiction of the district court of the United States. The gradual enlargement of that jurisdiction, as evinced in the successive adjudications of the supreme court of the United States, was traced in the case of the Belfast, 7 Wall. (U. S.) 639, and a successful attempt was made to define the measure of it as now accepted by that court. Wherever the maritime lien arises, the injured party may pursue his remedy whether for breach of contract or marine tort, by suit *in rem* or *in personam.* Such lien arises in favor of shipper of goods, for their transportation and delivery. So have the owners of a vessel damaged by collision. So have material men who furnish materials or supplies, in a foreign port, or in a port other than the port of the state where the vessel belongs. Instead of the jurisdiction being limited to the high seas, and the bays and rivers debouching therein as far as the tide ebbed and flowed, as held for many years by the federal judiciary, it now

extends to all the navigable rivers which empty into the sea or into its bays and gulfs, without regard to the remoteness from the tide water.

The suit of Green & Co. was not a libel or proceeding *in rem* against the boat, there was no seizure of the vessel or her apparel or tackle. The declaration is in *assumpsit;* the ordinary writ of summons was issued and served on the defendants, Parisot and Dent, described as the owners; the goods are declared to be for the use of the boat. There is no allegation that would disclose a lien upon the vessel, but rather the contrary. She is said to be "a water craft in the navigable waters of this state." It is not averred in what port she belongs, in what trade she was employed, or to what state she belongs. Nothing is disclosed giving a lien and remedy *in rem* against the vessel. The pleadings show a promise made by Dent and Parisot, the owners, to pay for these goods supplied for the use of the boat. The judgment is personal against them.

While this suit is anomalous, in so far as the boat is named in the declaration as a defendant, it is quite evident that it was not instituted as in nature of an admiralty proceeding in the state courts. The more recent decisions of the supreme court of the United States, commencing with and including the case of the Genesee Chief, the Moses Taylor, Hine v. Trevor in 4 Wall., and the Belfast, in 7 ib., declare the admiralty jurisdiction upon the navigable rivers emptying into the sea to be exclusive, and the statutes of many of the states, conferring that jurisdiction upon their courts, have been declared void, as in conflict with the federal constitution. The characteristic feature of the admiralty suit is, that the vessel and her appurtenances is the *impersonel* defendant; the libel is against the vessel and the process is *in rem.* The owner or master may intervene and become parties, but their presence is in nowise necessary to the validity of a judgment of condemnation. But the judgment here enjoined was not in a libel suit against the thing, nor was the process appropriate to that

proceeding.   As already remarked, it was against two per-
sonal defendants in one of the most familiar actions known
to the common law.

. It would hardly be maintained that, although the admi-
ralty might give a remedy for supplies furnished the owners
of a steamboat, in a port other than that to which she
belongs, yet the parties might well elect to pursue their
common-law remedy against the owners, predicated on a
promise to pay for the goods.   The entertainment of that
suit would not be the usurpation of the admiralty jurisdic-
tion.   That would fall within the saving of the judiciary
act organizing the federal courts ; " saving to suitors in all
cases the right of a common-law remedy, when the common
law is competent to give it."

The complainant predicated for relief, upon a further
ground that the judgment is void.   The argument is, that
the judgment being entire, if it is void as to one defendant
it is void as to all.   That is a sound, general proposition.
The cases cited by counsel, and many others, sustain it.
But does the principle have pertinency to the case made
by this record ?   The specific point made is, that the boat is
declared against, and there is no judgment of condemnation.
But process was not taken out against the boat, nor was
there a judgment against her.   The allegation that the
steamer, R. E. Hill, with Parisot & Dent, were indebted,
and the defendants promised to pay, may excite a smile,
but the after proceedings indicate that the real parties
sued were the personal defendants.

The case referred to in 11 N. H. was where the judgment
was against two defendants, when but one was served with
notice.   Here the judgment was against two, and service of
process on both.   It cannot be said, therefore, that this
judgment is void as to either or both.

Strict propriety would have suggested a dismissal of the
suit as to the boat ; it would have been more regular to
have done so.   It may have been erroneous to have taken
judgment against Parisot & Dent without such dismissal.

But a judgment may be very erroneous, and yet it is valid for all purposes of satisfaction, until reversed on writ of error. The distinction is palpable between that which is erroneous and that which is void. A judgment without service of the writ is void, but if the service be merely defective, it is erroneous.

Here the court had jurisdiction over the subject, and over the persons of both the complainants. That was enough to authorize it to declare a judgment, which must be accepted as valid, until reversed upon direct proceedings of review.

*The decree is affirmed.*