## S. H. PARISOT vs. JOHN HELM.

1. COMMON CARRIERS: *By river. Liability. Jurisdiction. Admiralty. Concurrent.*

   Common carriers by water, when liable for damages, may be sued in admiralty, but the jurisdiction of the federal court is not exclusive of any redress which the common law court may be able to afford. The federal judiciary act contains a saving clause—"to suitors, in all cases, the right of a common remedy when the common law is competent to give it."

2. PLEADING: *Amended declaration. Plea thereto.*

   An amended declaration does not necessarily suspend pleas filed to the original. If the cause of action originally counted upon is retained, and no allegations of new facts are introduced by the amended declaration, but the amendment merely cures some defective allegation or removes some technical defect, the original plea will apply to the amended declaration.

3. *Objections not made nor exceptions taken in court below.*

   Where the objections urged in this court were not made in the court below, nor exceptions taken on the trial, nor to the decision on the motion to set aside the verdict, this court will indulge in liberal intendments to sustain the verdict and judgment. Such is the policy of the statute of jeofails.

ERROR to the Circuit Court of *Yazoo* County.

Hon. W. B. CUNNINGHAM, Judge.

The facts necessary to a full understanding of the principles announced will be found in the opinion of the court.

It is assigned for error:

1. The court erred in proceeding further in the cause after the confession of the plea to the jurisdiction.

2. In not disposing of the plea to the jurisdiction.

3. In proceeding to try the cause on an amended declaration without an issue.

4. In not rendering judgment for the defendant on the plea. confessed.

5. In permitting the amendment of the declaration.

*Harris & George*, for plaintiff in error:

1. The suit is founded on art. 1, Code, 1857, p. 383. It is designed against the vessel, and the writ directs the sheriff to summon the vessel by name.

2. The contract violated is a contract of *affreightment*, and, whether the remedy is in tort or on the contract, the subject-matter is plainly cognizable in admiralty, and the remedy pursued in the state court is not *a common law remedy*, and therefore not cognizable in the state court. Hine *v.* Trevor, 4 Wall., 570, 571; Moses Taylor, ib., 411; The Belfast, 7 ib., 645; Dover *v.* Steamer Hope, 42 Miss., 715.

3. The character of the action called for the plea to the jurisdiction. When that was confessed it disposed of both law and fact, and after that the case was *coram non judice*.

4. The recital made by the clerk, at a term three years subsequent to that of which the amended declaration is entitled, must be taken as part of the *record, or not*. Entries are so considered when concurrent with the judicial action they record, but not when the previous record shows no evidence of such action, and the subsequent entry is a narrative of past events. McQullin's case, 8 S. & M., 587; Waterberry *v.* McMillen, 46 Miss., 639.

5. Notwithstanding the doctrine of Green *v.* Williams, 27 Miss., 324, we insist that the clerk cannot supply a declaration, a plea, or an order of the court by a recital, especially when made at a subsequent time.

6. There is no order allowing the amended declaration to be filed. If made, it was made three years before, and does not appear in the record, nor is there a plea to it. See Waterberry *v.* Williams, 46 Miss., 639.

*J. A. P. Campbell*, for defendant in error:

1. Parisot pleaded not guilty to the 1st declaration, and thereby waived all pleas in abatement, and when the action

had been, by an amended declaration, made unmistakably an action *in personam* against him, he pleaded " not guilty " to that, and participated in the trial of the issues, and, having lost, moved for a new trial about matters in evidence. He should not now be heard to complain of the jurisdiction to which he submitted his cause, by pleading to the action. It is urged that it was error to proceed further after confession of the plea to the jurisdiction. The only evidence in the record of this is in the same entry which informs us that the amended declaration and plea were filed. The plea was filed, the trial had, and no objection made. The vessel having no personality as defendant in the state court, its inclusion as a defendant was harmless, and the action was maintainable. Parish *v.* Green, 46 Miss., 747. The amended declaration was unnecessary, yet it did no harm.

2. The confession of the plea to the jurisdiction was the end of the demurrer. But, if mistaken in this, the assignment of error is disposed of by § 622, Code of 1871. Georgia Home Ins. Co. *v.* Jones, 49 Miss., 94; Phillips *v.* Cooper, 50 ib., 725.

3. The 3d assignment is that the alleged trial of the case was on an amended declaration without an issue. The record shows that there was an issue ; that Parisot pleaded the general issue. The record states these facts and is not obnoxious to the criticisms of opposing counsel. The entry of the judgment declares what was done. Gwinn *v.* Williams, 27 Miss., 324 ; see Code, 1871, § 622.

4. The 5th objection cannot avail, because the matter of amending pleadings is so much a matter of discretion in the court below as to be a subject of review only in extraordinary cases of abuse, and in this case there is nothing shown as to the amended declaration. The attempt is upon purely technical grounds to obtain another chance before the jury. The points are made for the first time in this court. See Doe *v.* Insurance Co., 8 S. & M., 197 ; ib. 613.

SIMRALL, C. J., delivered the opinion of the court.

It appears, from what purports to be a transcript from the history of the cause, that at the November term, 1874, there was a jury trial on an issue joined on the plea of not guilty.

Instructions appropriate to the character of grievance complained of, and of defenses admissible under the general issue, were, at the motion of the respective parties, given to the jury. A motion for a new trial was made by the plaintiff in error, which was overruled; no bill of exceptions was taken during the trial, nor to the decision of the court on the motion.

It is a just inference, therefore, that the defendant in the circuit court was satisfied with the verdict, or at least had no good reason to allege why the appellate court should set aside the verdict.

The assignments of error may be referred to two heads:

1st. That the court had no jurisdiction, after the confession of the demurrer to the plea to the jurisdiction, to entertain further cognizance of the suit; and,

2d. That there was no plea or issue for the jury to try.

The original declaration alleges that the defendants—the steamboat Calumet, Dent captain, and Parisot owner—were common carriers, and agreed to safely carry, from Yazoo City to Vicksburg, the plaintiff, as a passenger, and his jack, but that the animal was so carelessly and negligently handled, in being taken on board, that he fell into the river and was greatly injured; and that the plaintiff, by delay and detention on shore, in inclement weather, was exposed to great peril to his health, and bodily suffering, etc.

The defendant pleaded not guilty. At the next succeeding term, without withdrawing this plea, he interposed a plea to the jurisdiction, claiming in effect that cognizance over the subject-matter of the suit belonged exclusively to the admiralty. After demurring to the plea, the plaintiff confessed the demurrer, and filed an amended declaration in all respects identical with the original, except that the Calumet was

omitted as a defendant.   Dent and Parisot were personally·
served with the ordinary summons.   The death of Dent was·
suggested, and the cause was prosecuted against Parisot alone.

But it is said that the suit is founded on ch. 50, Code, 1857,.
p. 383, and that this statute is an usurpation of the admiralty
power, which belongs exclusively to the federal judiciary.   It.
may be that such·is its character, and that it is condemned by·
the cases of the Genesee Chief and the Moses Taylor.

The statute authorizes a suit to be prosecuted against "any
water-craft by name," "or by such description as will enable·
the officer executing the writ to identify the same."

·The first step is an affidavit of the amount of the demand;
the second is the bond of the plaintiff, payable to "said water-·
craft," and then the attachment issues, "and the proceedings
shall, except as otherwise ordered, be as in cases of attach-·
·ment against absent debtors," arts. 1, 2, and 4.   The proceeding
is *in rem*, by a seizure of the boat, and looks to its condem-·
nation to answer the plaintiff's demand, whether in tort or·
·contract.

Helm, the plaintiff, made no movement under the statute..
He neither made the affidavit, executed the bond, nor sued out
the attachment.   He adopted the special action on the case, to·
·which the pleadings, *mesne* process, etc., were conformed.
True, he attempted the anomaly of making the impersonal,
thing, the Calumet, a defendant to a personal action, but.
that indiscretion was cured by the amendment.

The case made in the declaration, and·submitted to trial, was.
the special action ·on the case for injuries sustained by the
plaintiff, through the negligence of the defendant in his busi-·
·ness as common carrier from Yazoo City to Vicksburg by
water.·   The injury resulted from the carelessness and negli-
gence in the performance of this duty.

· The plaintiff had a plain remedy in admiralty against the·
·boat.   But that is not exclusive of any redress which the com-·
mon law court might be able to afford.   The federal judiciary·
act contains a saving clause—"to suitors, in all cases, the right·

of a common law remedy when the common law is competent to give it."

Helm chose to resort to his suit at common law, which is adequate to give him redress. Parisot v. Green et al. 46 Miss., 750.

But it is further objected that the jury trial was had without plea or issue. It is quite as proper to refer from one part of a record to another, to explain what is obscure or doubtful, as in any other written document. Parisot had pleaded to the original declaration "not guilty." It does not appear that the plea was ever withdrawn. When the plaintiff confessed the demurrer to the plea to the jurisdiction he filed an amended declaration, upon which, and the pleas of not guilty, the record states the trial was had. We construe the recital as referring to the plea already on file.

An amended declaration does not necessarily have the effect of suspending pleas which have been filed to the original. If the cause of action originally counted upon is retained, and the amendment merely cures some defective allegation, or removes some technical defect, no solid reason can be given why the original plea shall not be considered as applying to the amended declaration. The plaintiff would not be at all embarrassed in his testimony. He would not be required to prove more or less to sustain his cause of action.

If the defendant had filed his plea afresh it could have no more effect than we are disposed to give it, so long as the plaintiff had not introduced allegations of new facts. If by new averments the cause of action is materially changed, there is good reason why the defendant should respond to them.

In Field v. Weir et al., 28 Miss., 65, it was ruled that pleas already on file are not suspended by an amended declaration, if they are proper and applicable. There is nothing to show that the plea of "not guilty" had been withdrawn. The amended declaration introduced no new matter. We are justified by the record in saying that the trial took place on the plea of "not guilty."

Where the objections urged in this court were not made in the court of original jurisdiction, nor exceptions taken on the trial, nor to the decision on the motion to set aside the verdict, we are disposed to indulge in liberal intendments to sustain the verdict and judgment. Such is the statute of jeofails. "No judgment * * shall be reversed after verdict for any mispleading, insufficient pleading, discontinuance, misjoining of issue, or failure to join issue."

Let the judgment be affirmed.

Judge CAMPBELL, being of counsel, took no part in decision of this case.