OWEN METCALF, ADMINISTRATOR, ETC., v. JOSIAH GROVER, ADMINISTRATOR, ETC.

1. STATUTE OF LIMITATIONS. *When no one to bring suit.*
   If, at the time when a right of action accrues, there is no one in being to assert it, the statute of limitations will not commence to run until there is some one who has power to sue.

2. PLEADING AND PRACTICE. *Replication improperly concluding.*
   It is a good ground of demurrer that a replication concludes to the country, when it should conclude with a verification. But it is improper, in such a case, to render judgment final against the plaintiff; the court should order an amendment of the pleading as to its conclusion, at the costs of the plaintiff, with leave to the defendant to answer over.

ERROR to the Circuit Court of Adams County.

Hon. J. M. SMILEY, Judge.

The plaintiff in error brought an action against the defendant in error, on a bond for the payment of money. The defendant pleaded (1) the general issue, (2) payment, and (3) the statute of limitations. The plaintiff took issue on the first and second pleas, and replied to the third. The defendant demurred to the replication, and the demurrer was sustained, with leave to the plaintiff to file an amended replication. A demurrer to the amended replication was also sustained, and judgment final rendered for the defendant.

*Thos. Reed*, for the plaintiff in error.

1. The obligee in the bond was dead at the time the right of action accrued, and the statute of limitations did not commence to run till one year after administration upon his estate, and the action was brought within that period. *Clayton* v.

55 MISS.—10

_Merritt_, 52 Miss. 353; _Abbott_ v. _McElroy_, 10 Smed. & M. 100; _Bank of Alabama_ v. _Windham_, 2 Geo. 317; _Wood_ v. _Ford_, 2 Cush. 57. The law recognizes a distinction between the cause of action and the right of action. After the cause of action accrues there may be no right of action, because of there being no one clothed with power to sue. _Wood_ v. _Elliot_, 49 Miss. 168; _Jennings_ v. _Love_, 2 Cushm. 249; 2 Greenl. on Ev., sec. 439; _Clayton_ v. _Merritt_, 52 Miss. 353; Code 1871, sec. 2157.

2. Pleas must be verified, but it is not required that replications shall conclude with a verification. Code 1871, secs. 546, 609. The replication in this case was only an answer to the defendant's plea, and should not have concluded with a verification.

_S. L. Guice_, for the defendant in error.

1. The replication was bad, because after introducing new matter it concluded to the country. 1 Chitty's Pl., 3d ed., 616.

2. The want of administration on the estate of the obligee in the bond was not sufficient to stop the running of the statute of limitations, because the Chancery Court would, at any time, upon the application of a person interested, have granted letters of administration. _Abbott_ v. _McElroy_, 10 Smed. & M. 100. If a debt is due before the death of the debtor, the statute begins to run, and does not stop. _Manly_ v. _Kidd_, 4 Geo. 141. The distributees could have sued, if there were no debts, without administration; and if in such a case they fail to sue, and the action is barred as to them, it is also barred as to the administrator. This being a stale demand, it is to be presumed that there were no debts against the estate of said decedent at the time letters of administration were granted, and a suit by the distributees at that time, would have been barred. There is a marked distinction between a case of no party in existence to sue, and that of no party in existence to be sued. _Wood_ v. _Ford_, 29 Miss. 65.

3. When a demurrer is sustained to a replication, judgment final should be rendered for the defendant. _Ross_ v. _Sims_, 27

Miss. 359; *Memphis & Charleston R. R. Co.* v. *Orr*, 52 Miss. 545.

CAMPBELL, J., delivered the opinion of the court.

The replication first filed to the plea of the statute of limitations states that at the time when the cause of action on the bond accrued to the obligee he was dead, and that no administration on his estate was had until October 30, 1874, and that this action was brought within twelve months after that time.   This is a complete answer to the plea.   It is well settled that if, at the time when a right of action accrues, there is no one in being to assert it, the statute of limitations will not commence to run until there is some one to sue.

It follows that the demurrer to the replication should have been overruled.

The replication to the plea filed after the judgment sustaining the demurrer to the first replication contained a sufficient answer to the plea, but improperly concluded to the country, instead of with a verification.   The first replication had the same conclusion, but that was not made a special cause of demurrer to the first, and it was to the second, replication. Therefore the demurrer to the second replication was well taken as to the conclusion to the country, but it was not proper on this ground to render judgment final against the plaintiff. An amendment of the replication as to its conclusion should have been ordered, at the costs of the plaintiff, and leave given to the defendant to answer over.

Judgment reversed, and demurrer to the first replication to the third plea overruled, and leave given to the defendant to answer over, and the second replication to the third plea, and the demurrer to it, to be stricken from the files.   The plaintiff shall be required to amend his replication by making it to conclude properly.