ABNER NORTHROP, ADMINISTRATOR v. MATTHEW FLAIG.

1. PRACTICE.  Plea of non est factum.  Affidavit by attorney.
   Under Code 1871, § 687, an attorney can make affidavit for his princi-
   pal to the latter's plea of non est factum.
2. SAME.  Judgment.  Demurrer to replication.
   Judgment final for the defendant is improper upon sustaining a demur-
   rer to a replication, upon the ground that it concludes with a verifi-
   cation instead of to the country.
3. SAME.  Special demurrer.  Conclusion of plea.
   Such a defect is ground only of special demurrer, which is abolished by
   the act of March 5, 1878 (Acts 1878, p. 190).
4. SAME.  Bill for discovery at law.  Certainty.  Laches.
   A bill for discovery, which is vague and uncertain and does not satis-
   factorily explain delay in making the defence, may, if filed without
   leave of court, be stricken out on motion.
5. SAME.  Judgment nil dicit.  Amended declaration.  Pleas.
   If pleas to a declaration are applicable to the amended declaration,
   which makes no substantial change or new allegation, it is erroneous
   to render judgment nil dicit, although they are not filed afresh.

ERROR to the Circuit Court of Harrison County.

Hon. J. S. HAMM, Judge.

R. Seal, for the plaintiff in error.

It was proper for the defendant's attorney to make affidavit
to the plea of non est factum.  Code 1871, § 687.  The bill of
discovery was the only means of obtaining evidence essential
to the defence.  On sustaining a demurrer to a replication,
the judgment is final.  Ross v. Sims, 27 Miss. 359; Memphis
Railroad Co. v. Orr, 52 Miss. 541.  The pleas to the original
declaration were applicable to the amended one.  Parisot v.
Helm, 52 Miss. 617.

B. L. Posey, for the defendant in error, argued orally and
in writing.

Code 1871, § 687, is inapplicable to the plea in this case,
which must be " verified by the oath of the party pleading the
same."  Code 1871, § 683.  It was too late to file the bill of
discovery, which upon its face is so vague and confused as to
be inadmissible.  Judgment final on sustaining the demurrer

could not be rendered, because the defect in the replication was formal. *Metcalf* v. *Grover*, 55 Miss. 145. As there were no pleas to the amended declaration, judgment *nil dicit* was proper. *Anderson* v. *Robertson*, 32 Miss. 241; *Shaw* v. *Brown*, 42 Miss. 309.

CHALMERS, J., delivered the opinion of the court.

A plea of *non est factum* was stricken out upon motion, because verified by the affidavit of the attorney instead of by that of the defendant, who, in this case, was the administrator of the maker of the writings sued on. Code 1871, § 687, declares that " in all cases where the oath or affirmation of the party is required, such oath or affirmation may be made by his agent or attorney, and shall be as effectual for all purposes as if made by the party." This section immediately succeeds those relating to the plea of *non est factum*, and while broad enough to cover, and doubtless intended to cover, affidavits of every character, would seem from the collocation of sections to be especially applicable to such pleas. However desirable it may seem that such pleas should be sworn to by the client, and however improper it may be that such affidavits should be made by attorneys, where no exceptional circumstances demanding or warranting it are shown, we must hold it admissible for them to do so by the plain letter of the statute. The action of the court in striking out the plea was erroneous.

The court did not err in failing to give judgment final for the defendant, when it sustained the demurrer to the plaintiff's replication. The ground of demurrer was that the replication concluded with a verification instead of to the country. This is ground only of special demurrer, and such demurrers are abolished by the Act of March 5, 1878 (Acts 1878, p. 190). Independently of the statute, it would be improper upon sustaining such a demurrer to a replication to give judgment final, as was held in *Metcalf* v. *Grover*, 55 Miss. 145. There was no error in striking out the bill filed for a discovery. It was filed without leave, was vague and unsatisfactory in its averments, and gave no sufficient reason for the delay since the inception of the litigation in bring-

ing forward the defence which it undertook to set up. It was erroneous to render judgment of *nil dicit* upon the amended declaration, because no new pleas had been filed to it. Two of the pleas to the former declaration, *non assumpsit* and payment, stood unaffected by the demurrer which had swept away the other pleadings in the case; and these pleas remained, therefore, applicable to the new declaration, and it was not necessary to file them afresh. It is only necessary to file new pleas where the amended declaration introduces new allegations, or makes a substantial change in the action. Such was not the case here. *Parisot* v. *Helm*, 52 Miss. 617.

*Judgment reversed and cause remanded.*