## J. WEIS & CO. *v.* HERMAN AARON.

1. JUDGMENT. *Entirety. Death of one defendant. Surety on replevin bond.*

   A judgment in replevin against principal and surety on a replevin bond, if rendered after the death of the surety, is absolutely void as to both.

2. SAME. *Appeal, errors affecting others.* Code 1892, § 4378.

   Code 1892, § 4378, which provides that an appellant shall not be entitled to reversal because the judgment is erroneous as to another person, does not apply to a judgment which is absolutely void as to all parties.

FROM the circuit court of Leflore county.

HON. F. A. MONTGOMERY, Judge.

J. Weis & Co., appellants, recovered a judgment in replevin, in 1896, against Basket & Aaron, as principals, and Upshur, their surety on the replevin bond. At the time of the rendition of this judgment, Upshur, the surety, was dead. Afterwards an execution on the judgment was levied on certain cotton as the property of Basket, and the same was claimed by appellee, Herman Aaron, who was not a party to the judgment. The court below held, upon trial of the claimant's issue, that plaintiffs' judgment was void, because one of the parties against whom it was rendered was dead at the date of its rendition, and decided for the claimant. The plaintiffs appealed.

*E. F. Noel,* for appellant.

On a direct appeal Basket & Aaron could not have obtained a reversal of the judgment on account of Upshur's death, it "not effecting his rights in the case." Section 4378 of the code conclusively settles that question. If Basket & Aaron could not make a direct attack upon the judgment by appeal, most cer-

tainly neither they nor their privies could, in an indirect way, overthrow the judgment by a collateral attack. Such a proceeding would overturn well-settled principles, and would be an absurdity.

The decided weight of authority is, that a judgment cannot be collaterally impeached for death before judgment. 12 Am. & Eng. Enc. L., 147, and authorities cited. Where the defendants are severally liable, judgment against one not served with process, will not void the judgment as to the others. *Buffon* v. *Ramsdale*, 55 Me., 252. Where no summons was served on one of two joint debtors, and no dismissal had as to one not served, judgment against the other is not void. *Weis* v. *Hyatt*, 68 Miss., 714. An appellant cannot assign errors against those who did not join in the appeal. *Baum* v. *Lynn*, 72 Miss., 932.

*Rush & Gardner*, for appellee.

The proof shows that Upshur, the surety on the replevin bond, was dead at the time of the rendition of the judgment, yet the plaintiffs went ahead and took judgment against all the principals, as well as the sureties.

It is the settled rule in this state, beginning with Walker's Report, that a judgment against a dead person is absolutely void. *Gerault* v. *Anderson*, Walker's Report, p. 30; 26 Miss., 521; 38 Miss., 215; 49 Miss., 472; 45 Miss., 430; *Ib.*, 553. Also, 44 Cal., 284; 65 N. C., 569; 3 Yer., 411; 75 Ala., 390. The rule is equally well settled that a judgment is an entirety, and if void as to one of the parties it is equally void as to all of the others. Freeman on Judgments, sec. 136; *Schuford* v. *Cain*, 1 Abb. (U. S.), 302; *C. M. L. Ins. Co.* v. *Clover*, 36 Mo., 392; *Hall* v. *Williams*, 6 Pick., 232; *Purisot* v. *Green et al.*, 46 Miss., 747; *Dyson* v. *Baker*, 54 Miss., 24.

WHITFIELD, J., delivered the opinion of the court.

The judgment was in replevin against the principals, Basket & Aaron, and Upshur, the surety on the replevin bond. Such

surety is "a party to the litigation by operation of law." *Spratley* v. *Kitchens*, 55 Miss., 581; 1 Freem. Judg., sec. 176. The surety was dead when the judgment was rendered, yet judgment was rendered against the principals and surety. The judgment was an entirety, and was absolutely void. *Parisot* v. *Green*, 46 Miss., 750; *Dyson* v. *Baker*, 54 Miss., 28; *Hall* v. *Williams*, 6 Pick., 246; *Insurance Co.* v. *Clover*, 36 Mo., 392. In this last case, Moneter and Clover were sued, but Moneter was not served, and the court said: "It is insisted that the judgment is good against Clover, and that he cannot take advantage of the defect as to his co-defendant, because it does not affect him. But this is a judgment at law—an entirety. It is good as to all, or bad as to all; and an entire judgment against several defendants will be reversed as to all if it be erroneous as to one."

Counsel for appellee rely upon § 4378, code 1892 (§ 1440, code 1880), as an answer to this well-settled rule. But this rule of practice was not meant to announce that a judgment at law against several, absolutely void because one was dead when the judgment was rendered, is valid as to the living parties, and that they cannot, therefore, on appeal, show it was wholly void, being an entirety. It simply declares that one of several appellants shall not secure a reversal of the judgment as to himself, by assigning some error in the judgment valid as to him, which error does not affect his rights, which, however, constitutes reversible error as to other appellants. The statute has no application in a case where the judgment below is for any reason absolutely void as to all the defendants, but applies when the matter which would reverse it as to one may not do so as to others, such matter being mere error in the judgment, and not going to the power of the court to render any judgment in the particular state of case. But here the error in the judgment made it void as to Basket & Aaron as well as to Upshur, and did affect the rights of Basket & Aaron. When the action of the court below results in merely reversible error as

to one of the parties, the other cannot assign here that error; but, when the action of the court below is absolutely void as to all, the statute does not apply.

The cases in which this statute applies are illustrated in *Terry* v. *Mfg. Co.*, 66 Miss., 398, and *Burks* v. *Burks*, 66 Miss., 494. The authorities cited by learned counsel for appellants, from 12 Am. & Eng. Enc. L., 147*n*, are cases holding that a judgment against one person, dead at the time, is voidable and not void; and some of these cases rest, apparently, upon the proposition that such a judgment (in attachment, against land, or in ejectment, being proceedings *in rem* in one view), is merely irregular. Whatever may be the better view on principle (see 1 Freeman on Judgments, sec. 153, holding such judgments to be irregular only), it is the settled law in this state that such a judgment is absolutely void. See the Mississippi cases in note 5 to said sec. 153, p. 275. And a void judgment may be collaterally assailed. The execution was not authorized by § 3461, code 1892, for that refers to cases where one of the defendants dies after judgment, nor by § 3729. The execution was not levied on the thirteen bales of cotton, which are not shown to have been disposed of, except by inference to be drawn from the fact of the sale of Basket & Aaron's business to Herman Aaron. The purpose of § 3729 is to have the sheriff, in a case in the attitude of the one at bar, secure the specific property, if to be had, and only if that cannot be done, to make the money. Compare *Place* v. *Riley*, 98 N. Y., at pages 4, 5. It is not a case of variance between the judgment and execution, but of failure to follow the statute based on the purpose of securing to the successful party, if to be had, in an action of replevin, the specific property. The voidness of the judgment, however, is decisive.

*Affirmed.*