### KEHLOR FLOUR MILLS CO. *v.* REEVES GROCERY CO.

[73 South. 866, Division B.]

1. ATTACHMENT. *Pleading. Defective declaration. Motion to strike. Motion to quash.*

   Where the declaration on the debt issue in an action by attachment was defective in failing to allege the amount due or the amount of the articles composing the debt or their price, neither a motion to strike it from the files on the ground of insufficiency, nor a motion to quash the attachment on the same grounds was the proper method of procedure. A demurrer to the declaration should have been interposed.

2. APPEAL AND ERROR. *Reversal. Defects in pleading. Statute.*

   Under Code 1906, section 808, so providing a reversal of a cause after verdict, will not be granted for any mispleading or insufficient pleading, especially where all the parties understood the amount involved though the declaration failed to allege such amount.

Appeal from the circuit court of Lee county.

Hon. Claude Clayton, Judge.

Attachment by the Reeves Grocery Company against the Kehlor Flour Mills Company, wherein the Lee County Bank was a garnishee. From a judgment for plaintiff, defendant appeals.

The facts are fully stated in the opinion of the court.

*J. E. Rankin,* for appellant.

Appellant's motion to quash the attachment and give judgment for the defendant should have been sustained, because this is an action *ex delicto* as the declaration shows one for fraud and deceit, sounding wholly in tort, and therefore one to which the remedy of attachment does not extend. *J. B. Fellows & Co. v. T. C. Brown,* 38 Miss. 541.

"It is now insisted that the cause of action as set forth in the amended affidavit and declaration, is not one for which attachment will lie, and that the attachment will not lie, and that the attachment should have been quashed and the suit dismissed.

"By the terms of the statute, the remedy by attachment is confined to actions or demands, founded on any indebtedness, or for the recovery of damages for the breach of any contract, express or implied, and the actions founded on any penal statute," Rev. Code, 372, art. 1. (Which is also section 129, Code 1906). Affidavit is required by article q of "the amount of the debt or demand." From these provisions it appears to be plain that, except for the recovery of penalties under statutes, the remedy was intended to apply to matters *ex contractu;* and there appears to be nothing in the statute, as there is nothing in the reason upon which the remedy is founded to warrant its application to actions *ex delicto.*

"In this case, the amended affidavit shows no such 'indebtedness' as the statute contemplates.

(6 Corpus Juris, 79.)

"We think, therefore, that the action was not maintainable upon this amended affidavit and declaration, and that the motion to quash should have been sustained." (6. Corpus Juris, 79.)

Our statute, section 129, Code of 1906, does not extend the remedy by attachment to actions *in tort,* and as this statute is in derogation of the common law, it must be strictly construed, and  cannot be so extended by construction or implication. *Elliott* v. *Jackson,* 3 Wis. 649, 653.

This motion should have been sustained on the ground that the declaration did not state a cause of action. It did not "contain sufficient matter of substance for the court to proceed upon the merits of the cause," as required by section 729 of the Code of 1906. The declaration in this cause did not state a cause of action according to the statute above quoted, and should therefore have been stricken from the files and the case dismissed.

Neither was it cured by our statute of jeofails. As was said by Chief Justice SHARKEY in *Wells* v. *Woodley,* 5 Howard 484: "However broad our statute of jeofails may be, it certainly does not cure everything. If there be no such cause of action whatever, stated in the declaration, a verdict does not cure such a defect. There must be some obligation or duty stated which might be a good cause of action."

In *Haynes* v. *Ezell,* 25 Miss. 242, the plaintiff obtained a judgment by default on a declaration that did not state a cause of action against the defendant in favor of the plaintiff, and the supreme court reversed it. Mr. Justice YERGER in delivering the opinion of the court said: "Although the statute of jeofails is very broad, we cannot extend it to a case where the declaration on its face shows that the right of action is not in the party suing."

And in *Gale* v. *Lancaster,* 44 Miss. 413, it is said that: "They (the statute of jeofails) are not so broad, however, as that a verdict will cure an utter omission to

state in pleading a cause of action." See, also, 31 Cyc. page 728 C.

*W. A. Blair*, for appellee.

That the appellee, the Reeves Grocery Company, adopted the right course and in the right court in which to bring this action, we call the court's attention to the case of: *Chas. G. Miller* v. *American National Bank,* 76 Miss. 84, and *Mahaffey Co.* v. *Russell & Butler,* 100 Miss. 122, which were suits by attachment, commencing in the circuit court of Adams and Lauderdale counties; likewise this was a suit commenced in the circuit court of Lee county.

As to our rights to subject the money in bank for damages, the supreme court of Mississippi has decided a number of times, and is shown by the two cases cited below, and also later by cases cited above, see: *Exchange National Bank of Little Rock* v. *Searles Bros.,* 81 Miss. 169; *Searls Bros.* v. *Smith Grain Company, et al.,* 80 Miss 688.

As to any discrepancy or any irregularity in any pleadings that may be in this cause, we call the court's attention to Rule Number 11, of the Revised Rules of the supreme court of Mississippi, adopted October 7, 1912, which is as follows: "No reversal for harmless error. No judgment shall be reversed on the ground of misdirection of the jury, or the improper admission or exclusion of evidence, or for error as to the matter of pleading or procedure, unless it shall affirmatively appear from the whole record, that such judgment has resulted in a miscarriage of justice." We think that there is no error, either in pleading, evidence, instruction, or otherwise, and that careful reading of the evidence has not only convinced a jury, but should convince this honorable court that a wrong has been righted, justice done, and a warning to all salesmen that they must deliver what they sell, and that this judgment should be affirmed.

As to appellant's motion to quash and other objections to the pleading and affidavit and writ in this case, we simply call the court's attention to the opinion of Justice COOK in the case of *Greenwood Grocery Co.* v. *W. B. & T. R. Bennett,* 101 Miss. 582, and Justice COOK's opinion in the case of *McSwain* v. *Cephus,* 69 So. 178. '

ETHRIDGE, J., delivered the opinion of the court.

This is an appeal from the circuit court of Lee county from a judgment in attachment against the Kehlor Flour Mills Company. Reeves Grocery Company sued out an attachment against the Kehlor Flour Mills Company alleging in the affidavit an indebtedness of four hundred and eighty dollars, and garnished the Lee County Bank and attached a consignment of shorts to the Reeves Grocery Company. The car of shorts was consigned to the Reeves Grocery Company with bill of lading attached, draft being sent to the Bank of Lee County by the Third National Bank of St. Louis, to whom the draft had been indorsed by the Kehlor Flour Mills Company. The draft was to be paid on the arrival of the shorts, and it was stipulated that the bill of lading should not be released until payment. Reeves Grocery Company paid the draft to secure the bill of lading to trace shipment which had not arrived, instructing the Bank of Lee County to retain the funds until the arrival of the shipment. When the shipment arrived Reeves Grocery Company claims it did not come up to representations and sued out the attachment and garnished the Lee County Bank, which answered that it held funds to the amount of four hundred and eighty dollars belonging to the Kehlor Flour Mills Company. The Third National Bank of St. Louis filed a claim for the money, and on the original suit, judgment being for the Reeves Grocery Company, a claimant's issue was made up and tried between the Third National Bank and the Reeves Grocery Company. Two records were sent up separately. There was

judgment against the Third National Bank ·on the claimant's issue, which appealed, presenting here a separate record.

The declaration on the debt issue is very defective. It does not allege the amount due, nor does it allege the amount of the shorts that were shipped, nor the price thereof. But there was no demurrer filed to the declaration, but a motion was made to strike it from the files on the theory that it was legally insufficient in substance. There was also a motion made to quash the attachment on the same grounds. Neither method was proper for presenting the question, but the circuit court on motion of the plaintiff allowed him to amend his declaration, but neither the motion nor the judgment entered on the motion contains data to supply the defect of the declaration. All parties, however, seem to have understood the amount that was involved and the statute of jeofails. Section 808 of the Code expressly forbids the reversal of any cause after verdict for any mispleading, insufficient pleading, etc., and, we think, cured the defect of the declaration. There are no errors in the record sufficient to reverse the case, and it is accordingly affirmed.

*Affirmed.*