EAGLE LUMBER & SUPPLY CO. *v.* PEYTON *et al.*[*]

(Division A.   Jan. 24, 1927.)

[111 So. 141.   No. 26115.]

1. PLEADING.   *Complainant in good faith alleging notes were secured by deed of trust may subsequently amend to allege statutory lien on land.*

   Complainant, having in good faith alleged that indebtedness was secured by deed of trust which had been lost, may subsequently amend bill to allege statutory lien for material used in construction of buildings on land described in original bill.

2. MECHANICS' LIENS.   *Filing amended bill within twelve months after due date of note for material tolls statute requiring proceedings for enforcement within twelve months (Hemingway's Code, section 2422).*

   Amended bill alleging statutory lien on land for materials used in construction of buildings thereon, offered less than twelve months after first of notes given therefor became due, *held* not barred by Code 1906, section 3062 (Hemingway's Code, section 2422), requiring proceedings for enforcement of such lien within twelve months after money becomes due.

3. PLEADING.   *Original bill alleging notes were secured by deed of trust held not inconsistent with amended bill alleging statutory lien on land.*

   Original bill alleging execution of notes secured by deed of trust alleged to have been lost *held* not inconsistent with amended bill alleging statutory lien for materials used in construction of buildings on land described in original bill.

4. EQUITY.   *Amendment to original bill in chancery should be permitted, though presenting nothing requiring intervention of court of equity (Constitution 1890, section 162).*

   Under Constitution 1890, section 162, amendment to original bill in chancery should be allowed, though presenting nothing requiring intervention of court of equity, since, if desired, case may be transferred to circuit court thereafter.

---

[*]Corpus Juris-Cyc. References: Equity, 21CJ, p. 521, n. 87; Mechanics' Liens, 40CJ, p. 390, n. 70; Pleading, 31Cyc, p. 373, n. 42; p. 415, n. 34,

Appeal from chancery court of Tallahatchie county.

Hon. Harvey McGehee, Chancellor.

Suit by the Eagle Lumber & Supply Company against J. W. Peyton and others. Decree dismissing the bill, and complainant appeals. Reversed and remanded.

*J. J. Breland* and *Alfred Stoner,* for appellant.

The only difference between the original bill and the amended bill is the kind of lien sought to be enforced. The original bill sought to enforce the lien of an alleged lost deed of trust. The amended bill sought to enforce a materialman's lien. Both sought a decree giving priority to the claim of the lumber company over the claim of Pearson. Pearson's claim to the property was acquired after having actual knowledge and being fully advised of the claim of the lumber company.

Although the court based its ruling upon the theory that complainant could get full and complete relief in the circuit court, we think that we should also discuss briefly the matter of the allowance of amendments. Hemingway's Code, section 353; *Russell* v. *Denson,* 98 Miss. 859, 54 So. 439; *Greenwood Grocery Co.* v. *Bennett,* 101 Miss. 573, 58 So. 482; *Jeffries* v. *Jeffries,* 66 Miss. 216, 5 So. 112.

Our court is so far committed to this idea and principle of liberality in trials that it has held that the court has power to give relief though all the equitable features have failed, if the complainant had good ground to think himself entitled to equitable relief. *Atkinson* v. *Felder* (Miss.), 29 So. 767; *Johnston* v. *Grommett,* 19 L. R. A. (N. S.) 1074.

The circuit court could not decree priority to the claim of the lumber company over the claim of Pearson, nor could it decree Pearson to be indebted to the lumber com pany to the extent of the amount paid as purchase money to the Peytons.

The chancery court is the proper forum to enforce liens and priorities of this kind. Griffith's Chancery, section 25, subdivision 36.

*Hays, Stingily & Whitten,* for appellees.

I. The amended bill sets up a statutory lien of which the circuit court on the bare right without the intervention of equities, has exclusive jurisdiction. In the case no such equities appear. The chancery court, therefore, certainly had no jurisdiction and while, if it had done so, we could not be heard to complain, certainly the complainant cannot be heard to complain that the court elected to regard the statute and declined to take jurisdiction, which by statute, is expressly given to another court.

II. In the next place, notwithstanding the original bill and the amended bill are both based on a thing broadly designated as a lien, the two liens are such that the existence of one excludes the possibility of the existence of the other. If the express lien existed, as alleged in the original bill, the statutory lien was waived. The whole scope of the bill was attempted to be changed so that not a single issue of equity, law or fact presented by the original bill was presented by the amended bill.

III. The original and amended bill shows that the indebtedness was barred by the statute of limitations.

*J. J. Breland* and *Alfred Stoner, in reply,* for appellant.

It is, of course, true that the circuit court is given limited powers by statute, relative to the enforcement of concurrent liens, which powers might otherwise belong to the chancery court. Hemingway's Code, section 2423. But this section has reference to concurrent liens of mechanics and materialmen for work, labor and material, but does not give the circuit court power to cancel a

deed for the purpose of giving equitable priority to a materialman's lien. Analogous authorities are: *Otiey* v. *Haviland*, 36 Miss. 19; *Watkins* v. *Owens,* 47 Miss. 593.

By statute the lien becomes fixed at the time of the making of the contract for the material. Hemingway's Code, section 2418. Counsel also argue that if the lien of the alleged deed of trust existed, the statutory lien would have been waived. The statement would be correct if the lien of the alleged deed of trust had ever existed. The trouble with the argument is that the lien of the alleged deed of trust never did exist.

Taking a promissory note for the debt, even if the note were endorsed by sureties, would not waive the lien. *Smith* v. *Butts,* 72 Miss. 269.

SMITH, C. J., delivered the opinion of the court.

The appellant exhibited its bill of complaint in the court below against Mrs. L. C. Peyton, J. W. Peyton, and O. W. Pearson, alleging that they were indebted to it on their promissory notes, executed in January, 1925, secured by a deed of trust on certain described land, which deed of trust had been mailed to the chancery clerk for record but was not received by him and was lost; that in March, 1925, the Peytons executed a deed of trust to O. W. Pearson to secure an indebtedness due him, and thereafter delivered to Pearson a deed to the land in settlement of the debt due him by them; that Pearson, when he accepted the deed of trust and the deed, knew that the deed of trust had been executed by the Peytons to the appellant, and that the debt secured thereby was due and unpaid. The prayer of the bill was for a foreclosure of the deed of trust.

The allegations of the bill were denied by an answer that when the case came on for trial, the appellees produced the deed of trust which the Peytons were alleged to have executed to the appellant, and it appeared therefrom that it had never been, in fact, executed, the gran-

tors therein not having signed it. Counsel for the appellant thereupon admitted their inability to proceed with the case on the then allegations of the bill, and tendered an amendment thereto by which the complainant sought to allege that the debt evidenced by the promissory notes sued on was for lumber and material sold to the Peytons and used by them in the construction of certain buildings, on the land described in the original bill; that this lumber and material was "sold to the said J. W. and Mrs. L. C. Peyton with the understanding that it would be paid for on the dates specified in the said notes." The allegations of the original bill with reference to the execution by the Peytons to Pearson of the deed of trust on and deed to the land were renewed and the further allegation made that when Pearson accepted the deed of trust and deed he knew that the Peytons were indebted to the complainant for lumber and material sold by the appellant to, and used by them in the construction of buildings on the land. The court declined to permit this amendment to be made and dismissed the bill.

The grounds on which counsel for the appellees seek to sustain the rulings of the court below are:

(1) The amended bill presents a case of which the circuit court has exclusive jurisdiction.

(2) The case set forth in the amended bill is inconsistent with that set forth in the original bill.

(3) The notes sued on are barred by the statute of limitation.

(4) The facts set forth in the amended bill were all within the knowledge of the appellant when the original bill was filed.

These contentions will be taken up in their inverse order.

It is manifest from the evidence relative thereto and the record seems to indicate that the court below so found, that the allegation of the execution of the deed of trust from the Peytons to the appellant in the original bill was made in good faith. If that allegation had been true,

the appellant would have had no occasion to rely upon the statutory lien set forth in its amended bill. Consequently, its failure to allege the same in the original bill should not now be held against it.

The statute of limitation, which we understand to be here relied on, is section 3062, Code of 1906 (section 2422, Hemingway's Code), which requires proceedings for the enforcement of the lien of mechanics and materialmen to be begun "within twelve months next after the time when the money due and claimed by the suit became due and payable." As hereinbefore set forth, the amended bill expressly alleges that the lumber and material were sold to the Peytons "with the understanding that it should be paid for on the date specified in said notes." The first of these notes matured on May 1, 1925, and the amended bill was offered in the court below on April 26, 1926, less than twelve months after the first of the notes became due and payable.

The relief sought by both the original and amended bill is the sale of certain land and the application of the proceeds thereof to the payment of an indebtedness due from the Peytons to the appellant. It is true that the lien sought to be enforced in the original bill is different from the one sought to be enforced in the amended bill, but the object sought to be accomplished in each is the same, and therefore there is no inconsistency between them.

The argument of counsel for the appellees in support of their contention that the relief sought by the amended bill is inconsistent with that sought by the original bill is that if the deed of trust set forth in the original bill had been executed as alleged therein, the statutory materialman's lien would have been thereby waived. Assuming, but merely for the sake of argument, that this is true, both liens could have been set forth and relied on in the original bill, and if, at the trial, the evidence failed to sustain the allegation of the execution of the deed of trust, the statutory lien could then have been enforced.

It is true that the amended bill presents nothing requiring the intervention of a court of equity, and that the appellant's relief in a circuit court would have been plain, adequate, and complete; nevertheless the amendment should have been permitted, and then, if the appellee had so requested, the case should have been transferred to the circuit court. Constitution, section 162; *Murphy* v. *Meridian,* 103 Miss. 110, 60 So. 48.

*Reversed and remanded.*