PALMETTO FIRE INS. CO. *et al. v.* ALLEN.*

(Division A.   Oct. 10, 1927.   Suggestion of Error Overruled Nov. 7, 1927.)

[114 So. 145.   No. 26571.]

1. PLEADING. *Amended bill to compel issuance of fire policy under alleged renewal contract held not demurrable because of inconsistent allegation therein.*

   Amended bill, seeking to compel issuance and delivery of fire insurance policy under an alleged contract for renewal, *held* not demurrable because of filing of alleged substantial copy of original policy inconsistent with original allegation that policy was lost or destroyed, since such allegation was not inconsistent with general purpose of original bill or relief sought.

2. EQUITY. *Filing "substantial copy" of policy on which action to compel delivery is founded held sufficient (Hemingway's Code 1927, section 531.)*

   Filing of substantial copy of insurance policy with bill seeking to compel issuance and delivery of policy under alleged contract of renewal *held* sufficient compliance with Code 1906, section 734 (Hemingway's Code 1927, section 531), requiring copy of writing to be annexed to or filed with declaration, since a "substantial copy" of the writing means a copy of all material and essential elements, terms, and conditions thereof, which is all that is required by such statute.

3. EQUITY. *Filing copy containing all essential elements, terms, and conditions of writing on which suit is founded is sufficient (Hemingway's Code 1927, section 531).*

   Where it is sought to charge defendant in suit founded upon a writing, he can be affected only by the material and essential elements, terms, and conditions of the writing, and filing of copy thereof which contains all such elements, conditions, and terms constitutes a compliance with Code 1906, section 734 (Hemingway's Code 1927, section 531).

4. PARTIES. *Permitting joinder in amended bill of new parties defendant held proper on compliance with law relative thereto (Hemingway's Code 1927, section 372).*

148 Miss.—7.

Joinder in amended bill of new parties defendant *held* properly permitted, where there was compliance with Code 1906, section 597 (Hemingway's Code 1927, section 372), relative to procedure to be followed in such case.

5. SPECIFIC PERFORMANCE. *Chancery court had jurisdiction of suit to compel issuance and delivery of policy after loss pursuant to renewal contract.*

Chancery court *held* to have had jurisdiction of suit to compel issuance and delivery of insurance policy, after loss, in conformity to alleged contract for renewal of former policy which was alleged to have been lost or destroyed.

6. APPEAL AND ERROR. *Right to amend within prescribed time held not lost because of want of diligence in filing mandate in lower court.*

Where amended bill was filed ten days after filing of supreme court mandate in lower court within time allowed for amendment after filing of such mandate, right to amend was not lost on account of laches or want of diligence, though filing of mandate in lower court was not accomplished until ten months after disposal of case.

7. EQUITY. *Bill to compel delivery of policy after loss and to enforce recovery thereunder need not be sworn to.*

It is not necessary that a bill seeking to compel compliance with an agreement to issue and deliver an insurance policy after a loss, and to enforce recovery thereunder for the loss, shall be sworn to.

---

*Corpus Juris-Cyc. References: Appeal and Error, 4CJ, p. 1224, n. 6; p. 1225, n. 26; Copy 13CJ, p. 935, n. 5 New; Equity, 21CJ, p. 338, n. 30; p. 368, n. 42; p. 403, n. 66; Pleading, 31Cyc, p. 463, n. 95 New; p. 476, n. 25; Specific Performance, 36Cyc, p. 568, n. 68; Substantial, 37Cyc, p. 506, n. 13.

APPEAL from chancery court of Bolivar county, Second district.

HON. HARVEY McGEHEE, Chancellor.

Suit by N. F. Allen against the Palmetto Fire Insurance Company and others. From a decree overruling a demurrer to the amended bill, defendants appeal. Affirmed and remanded.

*A. A. Armistead,* for appellants.

The attaching of the so-called "substantial" copy of the so-called policy, the nature, terms, and conditions of which does not in any way aid the amended bill in stating a cause of action. *Home Insurance Company* v. *Newman,* 111 So. 455. This case destroys absolutely the idea that you can lose a policy and then manufacture one by getting some old policy and attaching the usual furniture forms to it and filing it in court unsworn to as a "substantial" copy.

We therefore submit that a "substantial" copy in no way complies with the requirements of the court in this decision. We insist, that in the absence of the actual policy, that was issued being attached to the bill, showing all the nature, terms and conditions of the policy claimed to have been issued, it is necessary to the complainant's right to state a case in court and that the case of *Home Insurance Company* v. *Newman,* holds that a "substantial" copy is insufficient, and the court on the suggestion of error referred to holds that the policy claimed to have been renewed and which was lost must be attached to the bill or that all the terms and conditions of the policy must be set out in the bill. *Wright* v. *Frank,* 61 Miss. 32; *Miazza* v. *Yerger,* 53 Miss. 135.

"No amendment is permissible which would in effect amount to the institution of a new and wholly différent suit, either as to parties, or as to the cause of action, or changing the frame of the original bill." *Clarke* v. *Hull,* 31 Miss. 520; *Miazza* v. *Yerger,* 53 Miss. 135. A. & E., P. & P., 472.

"An amendment to a bill or to an answer must allege new or additional facts, otherwise it is not material and is not an amendment." *Richardson* v. *Wolfe,* 31 Miss. 616; Griffith's Chancery Practice, sec. 39, page 400; Griffith's Chancery Practice, sec. 700, p. 824.

"The amendment must not make an entirely new case, nor change the frame and essential character of the

original bill. The new matter must be germane to the original bill and must not be of such a character that if inserted in the original bill it would render it multifarious." *Brooks* v. *Spann,* 63 Miss. 198; Griffith's Chancery Practice, sec. 389, p. 397; *Palmetto Fire Ins. Co.* v. *Allen,* 141 Miss. 681-691, inclusive.

"The original matter is *res adjudicata.*" "The so-called amended bill is a mere fishing bill and therefore demurrable." *Richardson* v. *Wolfe,* 31 Miss. 616; *Buckner* v. *Ferguson,* 44 Miss. 677. A bill for discovery must be sworn to. 22 A. & E. of P. & P. at pages 1018-1023.

Want of Diligence. The court will bear in mind that this case was disposed of as before stated on November 2, 1925, 141 Miss. 690, and the so-called amended bill not filed until October 9, 1926, practically eleven months after the case was disposed of in the supreme court. No step was taken in the further prosecution of this suit until the filing of this so-called amended bill, which instituted a wholly different suit to the original suit both as to parties, cause of action and change of form of the original bill entirely.

We insist that these statutes and want of diligence they quote will not permit that; a litigant cannot be held in the courts of the country on account of the failure of the losing party to pay the costs in the supreme court, so that the mandate of the supreme court cannot be returned to the lower court for the case to be further proceeded with. This was not done and this suit held up and this defendant held in court until they concluded to try the "substantial" policy route. The authorities sustain this view. Griffith's Chancery Practice, sec. 392, p. 401, citing *Mortgage Company* v. *Bunkley,* 88 Miss. 651; Griffith's Chancery Practice, secs. 392-393, p. 402, Note 22.

"The so-called amended bill is multifarious because it joins in the bill separate defendants who have no common or connected interest in the suit." Griffith's Chancery Practice, note to section 394, page 404.

There is no equity in the amended bill.  The case of *Insurance Company* v. *Taylor,* 52 Miss. 441, relied on by opposing counsel is not in point because in that case it was a suit on an oral contract to issue a policy.

There is a wide difference between an oral contract to issue a policy and an oral contract to renew a policy. 1 Cooley's Briefs on Insurance at pages 368, 410, 411 and 850.

If there was no proper amendment of the original bill and if there was no proper policy attached to the bill, the "substantial" copy the court having held to be insufficient, then there were no material averments in the so-called amended bill to authorize the amendment, and no amendment therefore having been made within the time allowed by the court, and the appellant having been guilty of negligence in the prosecution of this suit for the other grounds assigned in this brief and the authorities cited, it is respectfully submitted that the case should be reversed and judgment finally rendered in the supreme court.

*Roberts & Hallam* and *W. B. Alexander, Jr.,* for appellee.

Appellant in his brief observes that the appellee "simply obtained an expired copy of a policy of the Palmetto Fire Insurance Company, and certain furniture forms attached thereto, and then made it an exhibit to the amended bill, and asked for judgment on this substantial copy."  And further that "this clearly sets forth that it is a manufactured policy, pure and simple, because they would not swear to the amended bill, and they called the attached a 'substantial copy.' "  As to the oath to the amended bill, no oath was necessary, either to the amended bill, or to the original bill.  A verification to a bill to quiet title is unnecessary.  *Bynum* v. *Stinson,* 81 Miss. 25, 31; *Waller* v. *Shannon,* 53 Miss. 500, 501; Griffith's Chancery Practice, par. 189, page 186.

We do not believe that counsel can cite a Mississippi Statute, or a Mississippi case requiring such a bill as is filed in this case to be sworn to. Appellant is under a misconception as to what a "substantial" copy is. Instead of a qualifying adjective, we believe the word "substantial" is one of the strongest and most specific in the language. The appellee could have used no word that should more impress the court with the exact nature of the exhibit attached than by using the word "substantial." 4 Words and Phrases (2nd Series); *Elder* v. *State,* 50 So. 370, 374, 162 Ala. 41, citing Webster's International Dictionary.

The amendment was made and the amended bill filed under the authority of the decision of the supreme court. We take it that counsel would not deny the right and power of the supreme court to allow amendments on remanding. *Wilkinson* v. *Summers,* 15 So. 130. For that matter the trial court has full power to allow amendments on reversal. *Davis* v. *Middleton,* 105 Miss. 152, 62 So. 164.

Counsel insists that the amended bill makes a different suit as to cause of action. Exactly the same relief is sought in both the amended and original bills, to-wit: The collection of the fifteen hundred dollars insurance. The general object of both suits is identical. See *Hardie* v. *Bugler,* 66 Miss. 577; *Eagle Lumber Co.* v. *Peyton,* 111 So. 141; *Belzoni Oil Co. et al.* v. *Y. & M. V. R. R. Co.,* 47 So. 468, 94 Miss. 58, and in cases cited therein.

And so we say that in the case at bar the object of the two bills being the same, the amended bill could not be considered as a new or different suit. 21 Corpus Juris, 523, 524, and Notes thereunder.

*Home Insurance Company* v. *Newman,* 111 So. 455, is not analogous with the case at bar, for the reason that in the Newman case the Exhibit was not a copy of the fire insurance policy, nor was it alleged or claimed to be, but it was a mere copy of a certificate issued in connection with the policy, which certificate was a mere memoran-

dum of information, and not the contract itself. 8 Standard Ency. of Pleading, 811 and Notes 71 and 72.

Appellant states that: ''No new facts are set forth in the amended bill in aid of the original cause of action first alleged, but that the remedy is now sought to be changed to escape the decision of the supreme court that the suit was properly an action.'' *Palmetto Ins. Co.* v. *Allen,* 141 Miss. 681.

We do not understand the opinion in this case on its first appeal to hold that this was not a proper case for a court of equity, even without any discovery or attachment feature. It has long been the settled law in Mississippi that a suit to compel the issuance and renewal of a fire insurance policy be properly brought in a court of equity. *Liverpool & London & Globe Ins. Co.* v. *Hinton,* 116 Miss. 754, was a case exactly analogous. See *Franklin Fire Ins. Co.* v. *Taylor,* 52 Miss. 443; 26 Corpus Juris, page 51. Since we contend that this case is a proper case for a court of equity even without the attachment feature, we do not think this would make any verification to our bill necessary.

Want of Diligence. Appellee was given thirty days after filing of mandate in the court below to file amended bill. The mandate was received and filed in the lower court on September 30, 1926. The amended bill was filed ten days thereafter.

As to counsel's statement that the mandate was not received in the court below for eleven months after final disposition of the case, on account of appellee not paying the costs, we do not think this has worked to appellant's injury, or has made the doing of equity in this case any more difficult than if the mandate had been filed at once in the lower court.

Cook, J., delivered the opinion of the court.

The appellee, N. F. Allen, filed his original bill in the chancery court of Bolivar county against the Palmetto

Fire Insurance Company and D. H. Adams, its agent at Boyle, Miss., seeking to compel the issuance and delivery of a fire insurance policy under an alleged contract to renew a former policy, which was alleged to have been lost or destroyed. The bill prayed for discovery of all the terms and conditions of the lost policy, and that the insurance company be ordered to issue a policy of insurance, renewing the policy aforesaid, and containing the identical terms and conditions as the original policy, but to expire one year from the date of the expiration of the lost policy, and that, on account of a loss which occurred after the expiration of said lost policy, the defendants be held liable to appellee for the amount of insurance covered in the said renewal policy. A demurrer to this bill was overruled by the court below, and an appeal granted to settle the principles of the case. Upon the hearing of this appeal, the decree of the court below was reversed, the demurrer sustained, and the cause remanded, with leave to complainant to amend his bill within thirty days after the receipt of the mandate in the court below; and the opinions of the court are reported in 141 Miss. 681-690, 105 So. 483-769. The averments of the original bill are fully set forth in the opinion of the court on this former appeal, and need not be here repeated. There was no copy of the alleged lost policy filed with the original bill, and the bill expressly waived answer under oath; and the court held that it did not contain such allegations as would enable the court to grant relief without a discovery, and that a bill for discovery which waived answer under oath could not be maintained, the court in response to the suggestion of error saying:

"There were insufficient allegations in the bill to disclose the nature, terms, and conditions of the insurance policy, and it appears from a fair construction of the allegations of the bill that the complainant was unable to set them forth. At all events, it will require an amendment to the bill for the court to know with legal

precision what the terms and conditions of the policy are.''

Upon the filing of the mandate of this court in the court below, the appellee filed an amended bill, setting up substantially the same facts as were alleged in the original bill, with the exception that the prayer for discovery and the allegation that the original policy was lost or destroyed were omitted therefrom, and there was attached to the bill, as an exhibit thereto, a copy of an insurance policy which was alleged to be a ''substantial copy'' of the expired policy, and which, it was alleged, the agent of the insurance company had agreed to renew.

Additional parties who were alleged to be indebted to the nonresident insurance company were made defendants to the bill, and an attachment of the effects of the nonresident insurance company in the hands of the resident defendants was sought. The bill prayed that the defendant insurance company be required to specifically perform the agreement to issue a renewal policy containing the identical terms and conditions as the original policy, with the exception that it should expire one year from the date of the expiration of the old policy, and that the said renewal policy be treated and considered as having been issued, that the defendant insurance company be held liable for the loss by fire of the property covered thereby, and that a decree be entered in favor of appellee and against the defendant insurance company for the sum of one thousand five hundred dollars, the face of the original policy, less the amount of the premium on said renewal policy, and that all indebtedness of the resident defendants to the said nonresident insurance company be subjected to the satisfaction of this decree.

The several defendants interposed a demurrer to this amended bill, which was overruled, and, from the decree overruling this demurrer, this appeal was prosecuted. The demurrer challenged the sufficiency of the amended bill upon many grounds, which we shall not here set forth,

but shall discuss only the points presented in the brief of counsel for the appellants.

The first point urged by counsel is that the demurrer to the amended bill should have been sustained, for the reason that it states no new or additional facts, but in effect changes the essential character of the original bill, and makes a new or wholly different cause of action. The general purpose of both the original bill and the amended bill is to require the issuance of a renewal policy in accordance with a contract so to do, and to recover for a loss thereunder. It may be true that the filing of an alleged substantial copy of the original policy is inconsistent with the allegation of the original bill that this policy was lost or destroyed, and consequently the complainant could not state the terms and conditions thereof without the aid of discovery; but it is not inconsistent with the general purpose of the original bill nor with the relief sought, and for this reason we think the position of appellants on this point cannot be maintained. This doctrine has been announced by this court in several cases. In the case of *Hardie* v. *Bulger,* 66 Miss. 577, 6 So. 186, the court, speaking through Justice COOPER, said:

"The object and purpose of the original bill was to vacate the mortgage for certain reasons therein stated. On this bill an issue of fact was made, and is yet pending and undetermined. The amendment sets up another and a different state of facts, upon which relief of the same character is sought. The new facts may be inconsistent with the facts stated in the original bill, but they are not inconsistent with the general purpose of the original bill, nor with the relief originally sought."

In the case of *Eagle Lumber & Supply Co.* v. *Peyton,* 145 Miss. 482, 111 So. 141, it was urged that the case set forth in the original bill was inconsistent with that alleged in the amended bill, and in response to this contention Chief Justice SMITH said:

"The relief sought by both the original and amended bill is the sale of certain land and the application of the

proceeds thereof to the payment of an indebtedness due from the Peytons to the appellant. It is true that the lien sought to be enforced in the original bill is different from the one sought to be enforced in the amended bill, but the object sought to be accomplished in each is the same, and therefore there is no inconsistency between them."

There is filed with the amended bill as the basis of the cause of action therein stated what appears to be a complete copy of an insurance policy, which is alleged to be a "substantial copy" of the original policy covering the property destroyed by fire; but appellants contend that the filing of a substantial copy of the policy on which the action is founded is not a compliance with section 734, Code 1906 (Hemingway's 1927 Code, section 531), which provides that—"In actions founded on any writing, a copy of such writing, with the names of subscribing witnesses, if any, shall be annexed to or filed with the declaration."

A substantial copy of a writing means a copy of all the material and essential elements, terms, and conditions thereof; and that is all that is required by this statute. Where it is sought to charge a defendant in an action founded upon a writing, he can be affected only by the material and essential elements, terms, and conditions of the writing, and the filing of a copy thereof, which contains all such elements, conditions, and terms, is a compliance with the requirements of this statute. In support of the contention that the filing of a substantial copy is not a compliance with this statute, the appellants rely on the case of *Home Insurance Co.* v. *Newman,* 147 Miss. 237, 111 So. 455, but that case is not analogous to the case at bar. It was a suit to recover for the loss by fire of a stock of goods; and there was filed with the bill, as the basis of the suit, a copy of a certificate or memorandum of the policy as it stood at the date of issue of the certificate, and it expressly provided that it was given as a matter of information only and conferred no rights on the holders. The bill of complaint did not allege that

no policy was actually issued, nor that, if issued, it was lost or destroyed; and the court there said that—"If, as a matter of fact, no policy had been issued, and if the bill had been drawn to show that the exhibit contained the terms of the real agreement, a different case would be before us."

Section 597, Code 1906 (section 372, Hemingway's 1927 Code), provides that—"A complainant desiring to make new parties to his bill may file his amended bill for that purpose in the clerk's office, in vacation, without leave of the court or chancellor; and thereupon the clerk shall issue process upon such bill, in like manner as if it were an original bill."

This statute was complied with, and consequently there was no error in permitting the joinder in the amended bill of new parties defendant.

It is well settled by the decisions of this court, as well as the authorities generally that a court of equity has jurisdiction to compel "the issuance and delivery of an insurance policy after a loss, where there has been a valid agreement for one before the loss, and will enforce payment of it as if made in advance." *Franklin Fire Insurance Co.* v. *Taylor,* 52 Miss. 443; *Liverpool & London & Globe Ins. Co.* v. *Hinton,* 116 Miss. 754, 77 So. 652. Consequently, we are of the opinion that, independent of the attachment feature of the bill, the chancery court had jurisdiction of this cause.

The first appeal of this cause was disposed of on November 2, 1925, but the appellee did not pay the cost and secure the filing of the mandate in the court below until September 30, 1926. The amended bill was filed ten days thereafter, or on October 9, 1926, which was well within the time allowed by this court for amendment after the filing of the mandate in the court below; and there is no merit in the appellants' contention that the right to amend was lost on account of laches, or want of diligence on the part of the appellee.

There is no requirement that a bill seeking to compel compliance with an agreement to issue and deliver an insurance policy after a loss, and to enforce recovery thereunder for the loss, shall be sworn to; and we think the bill, as amended, brings the cause of action therein stated strictly within the doctrine and procedure approved in the case of *Liverpool & London & Globe Ins. Co.* v. *Hinton,* 116 Miss. 754, 77 So. 652, and that the demurrer was properly overruled.

The decree of the court below is therefore affirmed, with leave to the appellants to answer the bill within thirty days after the filing of the mandate in the court below.

*Affirmed and remanded.*