McDowell *et al. v.* Minor.

(Division B. Dec. 1, 1930.)

[131 So. 278. No. 28450.]

See, also, 130 So. 484, 485.

**W. C. Martin** and **L. T. Kennedy**, both of Natchez, for appellants.

**Luther A. Whittington** and **Engle & Laub**, all of Natchez, for appellee.

Briefs of counsel addressed to merits of case and not to points of practice upon which the court acted.

**Griffith, J.,** delivered the opinion of the court.

The first appearance in this court of the complicated controversy between these parties is reported in Minor v. McDowell, 113 So. 576, and reference is now made to that opinion for a statement of the facts up to that time; it being noted, however, that the correct date of the death of the mother, Mrs. K. S. Minor, is February 17, 1926, instead of September 17th, inadvertently stated in that report. And there is to be added to the statement of facts that on the day following the death of his mother, appellee was appointed administrator of her estate, and has not yet been discharged from that office,

It will be observed by reference to the opinion mentioned that at the instance and insistence of D. G. Minor, appellant there, appellee here, the court held that the relationship between the mother and her son was that of principal and agent, and that the three-year statute of limitations applied to all items of accounting between them. Nevertheless, soon after the decision in that first case, and the delivery of the said opinion, the said son, on May 21, 1927, filed an elaborate statement of account with his mother's estate wherein he extended all the items of account, debit and credit, back to and including the year 1918, or for a period of more than seven years next before the date of his mother's death, and this he now insists he is entitled to do, on the theory that the account between him and his mother is a mutual account, arising out of mutual dealings.

Upon being challenged that this latter attitude is a shifting of position from that first taken by said son, wherein and whereby he succeeded in procuring a decision in his favor from this court that the relationship was simply that of principal and agent and that the three-year statute applied in his accounting with his mother, he has replied that the former decision and the previous declaration of the law of the case does not preclude him from voluntarily extending his accounts back of the three years, provided in so doing he brings himself out as indebted to his mother in a greater amount than would be the result of the items of debit and credit covered only the last three years, and he insists that the account as now stated by him shows his indebtedness to be five thousand four hundred forty-three dollars and ninety-seven cents more than would be shown if confined to the said last three years.

This proposition might be admitted as sound and might be accepted if there were no objection to it by the opposite parties, or if it appeared that the result suggested by appellee is true as a matter of fact. But the op-

posite parties have objected and most earnestly, and they insist that the manner in which the account is now stated is to the disadvantage of the estate in more than thirty thousand dollars, as best we can make from the arguments presented.

We have with diligence attempted to work out from the record before us whether applying the three-year statute the result would be more favorable to the estate than to accept the account as stated by appellee; but the embarrassment presented by the awkward way in which the record has been made up is such that we have finally concluded that we can do nothing which will furnish a result upon which we can rest with any confidence that the right decision upon the merits has been reached. We have reference to the fact that instead of filing plenary objections to the account of the administrator as rendered by him, specifically stating and clearly pointing out the several grounds of objection, and thereupon developing the full facts by competent and pertinent evidence, and making all of this a matter of record before us, appellants filed a motion to strike the account from the files; and while this motion to strike contained a statement of various grounds, some of which are of law and are appropriate to exceptions, others import matters of fact and are not appropriate to a motion to strike but may be availed of only by objections set forth as a plenary pleading. The parties seem nevertheless to have treated the motion to strike as a pleading and proceeded to introduce certain documentary evidence, consisting however only of some former proceedings in the estate which throw little light on the larger questions involved in the decree, and also introduced the transcript of the evidence taken in a former hearing, but that transcript of evidence does not appear in the transcript now here before us.

The court ordered that the motion to strike be overruled, and instead of stopping there and putting the parties to their election whether they would proceed in a

regular and plenary manner to properly develop the case in all its essential aspects, the court proceeded to enter, as additional features, a decree attempting to cover various phases of the several contentions. In its opening recitals the decree is denominated as a final decree, yet it would appear to be interlocutory instead of final, and perhaps was eventually so considered since it contains a further order allowing an appeal. But there is one thing that is made clear by the terms of the decree, namely, that it was made and framed upon the principle and theory of a mutual dealing or mutual account between mother and son, instead of applying the three-year statute of limitations, which latter, as we have already mentioned, was declared in the first appeal, between these same parties involving the same matters, to be the proper rule; and as we have said we cannot tell from this record whether this has not worked to the disadvantage of the estate, and certainly in shifting from his former adjudicated position the burden is on appellee to show that no disadvantage to the estate has thereby been worked.

The confused and awkward situation thus produced by a motion to strike, so that when the matter has been concluded it cannot be told with any degree of confidence what the record means, is not an isolated instance. We notice that in some districts both in law and in chancery there is an occasional occurrence of this erroneous practice of attempting to substitute a motion to strike for the more appropriate method of a plenary pleading, whereas from the earliest times consistently down to this day that unauthorized procedure has been disapproved and discouraged in this jurisdiction. It is true that where a pleading has been filed out of time without just excuse, or where a pleading is so manifestly sham and frivolous as to be in substance no pleading at all, or where clearly the pleading thus attacked can have no legitimate place in the proceedings under any possible view that may be taken of the case, the motion to strike is available. But in the absence of statute, a motion is not a pleading and

"ought not to be permitted to usurp the place of regular formal pleading where they are appropriate." The rule in this state is that the stringent remedy of striking finally from the files will be allowed only when there is no other available method by plenary pleading and when the justice of the motion to strike is so clear as to be fairly indisputable. To state the rule in other words, it may be summarized in the language taken from page 671 in 19 Ruling Case Law: "Motions are generally appropriate only in the absence of remedies by regular pleadings and cannot be made available to settle important questions or to dispose of the merits of the case." See, also, Gridley v. Duncan, 8 Smedes & M. (16 Miss.) 456, 458, 459; Marshal v. Hamilton, 41 Miss. 229, 235; Tully v. Herrin, 44 Miss. 626, 629; McClave-Brooks Co. v. Oil Works, 113 Miss. 500, 509, 74 So. 332; Kehlor Flour Mills Co. v. Reeves Gro. Co., 113 Miss. 30, 35, 73 So. 866; Griffith Miss. Chan. Pr., sections 274, 367, 400, 402.

The proper practice is that when a person interested in a decedent's estate is not satisfied with the account of the personal representative, and desires to contest the account as presented, he must take exceptions on issues of law, and make proper objections as to matters of fact, and in such plenary manner that said issues of fact may in a fair manner be joined thereon between the parties; and the form of said exceptions and objections must be such as to clearly and specifically point out the ground or grounds of objection and state specifically the item or items objected to and the reasons therefor, and when facts, not manifest on the face of the account, are necessary to be shown to the court, the facts must be adduced in proof and made a part of the record. See 24 C. J., pp. 1006-1012. It is particularly in respect to the latter feature that we are unable on the present record to make any definite decision on the merits. The relation between these parties as heretofore declared by the court was that of principal and agent. A cardinal requirement of that relationship is that the agent shall be at all times loyal

and faithful to the interests of the principal, and he can acquire no private interest of his own in opposition to that of his principal. There is a fiduciary relation which forbids the agent in any manner to place himself of his own volition in a favored position as against the principal in respect to the transactions growing out of the relationship. 21 R. C. L., pp. 825, 826. We cannot safely say from the record now before us—in fact, we are unable to form any dependable conclusion at all—whether the stated rules in the respect last mentioned were observed and followed in the statement of account as it now appears before us; there being much to indicate, however, that they were not. And finally, as we have already indicated, it is not shown us that the apparent shifting of position in this matter is supported for its allowance by facts presented in such a way that decisive action may be had on them.

Reversed and remanded.