FRANKLIN LIFE INS. Co. *et al.* *v.* ROGERS *et al.*

(Division A. April 5, 1937.)

[173 So. 428. No. 32374.]

W. M. Mitchell, of Grenada, and McCallum & McCallum, of Memphis, Tenn., for appellants.

Cowles Horton, of Grenada, for appellees.

522

**Cook, J.,** delivered the opinion of the court.

This is an appeal from a decree of the chancery court of Grenada county, sustaining a demurer to a bill of complaint filed by the Franklin Life Insurance Company, and J. T. Jenkins, Sr., and N. C. Boyle, partners in an insurance agency doing business under the firm name of Jenkins & Boyle, against Amos L. Rogers, Mrs. L. T. Hayden, D. K. Hayden, and T. L. Guyton.

The bill of complaint alleged that in the year 1934 the defendant Amos L. Rogers was employed by the Franklin Life Insurance Company as an insurance agent or solicitor, and as such was required to execute a bond conditioned for the faithful accounting for all funds of said company coming into his hands, and for the faithful performance of all his duties as such insurance agent; that said bond was executed with the defendants Mrs. L. T. Hayden, D. K. Hayden, and T. L. Guyton as sureties thereon; that the said Jenkins and Boyle were required to and did indorse and guarantee said bond, and thereby became sureties for the said Amos L. Rogers. The bill of complaint further alleged that the said Amos L. Rogers became in default for money belonging to the insurance company which came into his hands, and that the appellants Jenkins and Boyle were required to and did pay the same to the insurance company, under their agreement to underwrite and guarantee said indebtedness, and that they thereby became entitled to be subrogated to the rights of the insurance company under

the said bond, and prayed for a decree against the principal and sureties of the bond for the full amount paid by them to the appellant insurance company. The bond executed by the said Amos L. Rogers was filed as an exhibit to and made a part of the bill of complaint, and it does not show that the appellants Jenkins and Boyle were parties thereto as sureties or otherwise.

We think the averments of this bill of complaint are too uncertain, contradictory, and confusing as to the relations of the appellants Jenkins and Boyle to the bond in question to state a cause of action upon which the court could grant relief under the doctrine of equitable subrogation. The averment of the bill that the said Jenkins and Boyle were required to and did indorse the bond is contradicted by the exhibit to the bill, which is made the basis of the recovery sought, and while there is a general averment that they became joint sureties for the defendant Amos L. Rogers, there are no averments which show this conclusion to have any existence in fact. There is authority for the view that a surety, who has become such under an oral promise, may waive the statute of frauds (Code 1930, sec. 3343) and pay the debt and recover therefor from the principal, 50 C. J., sec. 412, p. 253, and authorities there cited, and it may be, as to which we express no opinion, that under a proper bill of complaint the appellants Jenkins and Boyle would be entitled to full recovery from the principal in the bond, and contribution from the sureties thereon. The present interest of the Franklin Life Insurance Company in the controversy is not apparent.

Affirmed and remanded.