JENKINS & BOYLE *v.* ROGERS *et al.*

(Division B.   Jan. 16, 1939.)

[185 So. 603.   No. 33509.]

W. M. Mitchell, of Grenada, and Pat D. Holcomb, of Clarksdale, for appellant.

Cowles **Horton,** of Grenada, for appellee.

McGehee, J., delivered the opinion of the court.

This suit was originally begun in the Chancery Court of Grenada County by the Franklin Life Insurance Company, an Illinois corporation, for the use and benefit of Jenkins & Boyle, a co-partnership insurance agency at Clarksdale, Mississippi, and sought reimbursement on behalf of such insurance agency, under the equitable doctrine of subrogation, against Amos L. Rogers, Mrs. L. T. Hayden, D. K. Hayden and T. L. Guyton, defendants therein, on the ground that in the year 1934 the defendant Amos L. Rogers was employed by the Franklin Life Insurance Company as an insurance agent or solicitor, and as such was required to execute a bond conditioned for

the faithful accounting for all funds of said company coming into his hands and for the faithful performance of all his duties as such insurance agent; that the other defendants were sureties thereon; that the said Jenkins & Boyle were required to and did endorse and guarantee said bond, and thereby also became sureties for the said Amos L. Rogers; and that said Rogers became in default for money belonging to the insurance company which came into his hands, and that the appellants Jenkins & Boyd were required to and did pay the same to the insurance company, under their agreement to underwrite and guarantee said indebtedness. The bond referred to was filed as an exhibit to the bill of complaint, and it failed to show on its face that Jenkins & Boyd had endorsed the same or otherwise become sureties thereon. Since the allegations of the bill were in conflict with the bond itself the exhibit controlled and rendered the bill of complaint subject to demurrer. No other separate instrument or obligation was filed as an exhibit so as to show that Jenkins & Boyd were in fact otherwise liable to the insurance company to make good the alleged default of Rogers. A demurrer interposed by Rogers and his sureties, whose names appear on the bond, was sustained and the complainants appealed. The case was styled Franklin Life Insurance Company et al. v. Amos L. Rogers et al., and is reported in 178 Miss. 518, 173 So. 428. On that appeal the action of the court below in sustaining the demurrer was affirmed and the cause was remanded for further proceedings in the chancery court. Instead of amending the pleadings after remand to the chancery court so as to allege the manner and form of the obligation whereby Jenkins & Boyle had been required to pay the alleged default of Rogers, if such obligation existed separate and apart from the bond in question, the cause was transferred to the circuit court on motion of the complainants in the chancery suit; and thereupon, a declaration was filed in the name of the

Franklin Life Insurance Company alone against Rogers and the sureties whose names appeared on his fidelity bond of $1,000 in favor of the said life insurance company whereby it is sought to recover judgment against them in the sum of $470.26, the amount of the alleged default shown by an itemized account attached as an exhibit to the declaration along with the bond in question.

In the circuit court the appellees here, Amos L. Rogers and the sureties on said bond, moved to strike from the files the declaration on the ground that the cause transferred from the chancery court was based upon the doctrine of equitable subrogation in favor of the usees, Jenkins & Boyle, upon the allegation that they were required to pay, and had paid, to the insurance company the account aforesaid by virtue of their alleged suretyship on the bond referred to; and that the declaration alleges and sets up an entirely different cause contrary to and inconsistent with the cause presented in the chancery court. The motion to strike was sustained by the circuit court and the suit was dismissed with prejudice, after the appellant declined to plead further, and the order sustaining the motion and dismissing the suit recites that after having heard and considered the evidence the court found that the Franklin Life Insurance Company had by proper instrument of writing assigned, transferred, and delivered the bond and indebtedness sued for to the said Jenkins & Boyle. The assignment is shown to have been made subsequent to the remand of the case by the Supreme Court to the chancery court, and appears in the record, reciting a consideration of $1 and other good and valuable considerations, receipt of which was acknowledged.

Section 766 of the Code of 1930 provides that: "When the papers have been deposited in the court to which the cause was transferred, all the parties to the proceeding shall take notice of the fact of the transfer; and the complainant or plaintiff shall file his declaration or bill in

the court to which the cause was transferred within thirty days, . . . and the cause shall be proceeded with as if it had been originally begun in that court, as of the date on which the cause was originally instituted.''

Section 505 of the Code of 1930, provides that: ''The assignee of any chose in action may sue for and recover on the same in his own name, if the assignment be in writing. In case of a transfer or an assignment of any interest in such chose in action before or after suit brought, the action may be begun, prosecuted and continued in the name of the original party, or the court may allow the person to whom the transfer or assignment of such interest has been made, upon his application therefor, to be substituted as a party plaintiff in said action. . . .''

We think that counsel for appellant, who represented Jenkins & Boyle as the real parties in interest, are in error in assuming that the opinion on the former appeal held that the chancery court was without jurisdiction to grant relief. The cause was remanded to said court for further proceedings in order that Jenkins & Boyle might obtain relief under a reformed pleading showing in what manner they would be obligated and required to pay the alleged default of Rogers. However, after the case was transferred to the circuit court, whether the transfer was proper or not, it was the duty of that court to proceed with the suit even though it may have been exclusively one of equitable cognizance; and the cause should have been proceeded with under Section 766 of the Code of 1930, supra, the same ''as if it had been originally begun in that court, as of the date on which the cause was originally instituted.''

The relief sought both in the chancery court and in the circuit court was to enforce the collection of the alleged default of Rogers, as represented by the account guaranteed by his bond, and which account and bond had been duly assigned and transferred to Jenkins & Boyle when

the case came on for hearing in the circuit court in consideration of the full payment thereof to the insurance company by the assignee, as alleged in the bill of complaint; and the payment of which consideration the assignee was entitled to prove, if proof thereof was required, on the trial of the suit on the declaration, which was being maintained under Section 505 of the Code of 1930, supra, in the name of the assignor.

It is contended however that the declaration sued for the full amount of the alleged default, whereas the chancery court recovery could have been only for such an amount as Jenkins & Boyle may have been required to pay, and which they may have actually paid, in settlement of their alleged liability to the insurance company. This contention overlooks the fact that the bill of complaint alleged, and the truth of which allegation must be assumed on the motion to strike, that this local state insurance agency had paid the full amount of the alleged default, and therefor the amount of recovery against appellees would be the same in each instance, if such allegation was in fact true.

It is again urged by appellees that in the chancery suit it would have been necessary for it to be shown that Jenkins & Boyle had paid the debt of Rogers to the Franklin Life Insurance Company, whereas, it was required in the circuit court that the said insurance company should prove, as a condition precedent to recovery, that the debt had not been paid. The answer to this contention is in our opinion that so far as the liability of the appellees in either court is concerned the debt has not been paid at all.

In the case of Eagle Lumber & Supply Co. v. Peyton et al., 145 Miss. 482, 111 So. 141, the lumber company filed a bill of complaint in the chancery court against J. W. Peyton et al. to establish the lien of an alleged deed of trust on certain land. It was alleged that the deed of trust was executed in January, 1925, mailed to the chancery clerk

for record, and had been lost in the mail; that in March, 1925, the Peytons executed a deed of trust on the same land in favor of O. W. Pearson to secure an indebtedness due him; that they thereafter delivered to Pearson a deed to the land in settlement of their debt to him; that Pearson knew of the execution of the prior deed of trust which had been lost and knew that the debt thereby secured was unpaid at the time of the execution of the deed of trust and subsequent deed by the Peytons to him. Upon the trial the Peytons produced the purported deed of trust in favor of the lumber company and it did not appear to have ever been signed by either of the Peytons. When this fact developed on the trial the lumber company asked leave to file an amended bill of complaint to enforce a statutory materialman's lien against the land on the ground that the debt due the lumber company by the Peytons was for material furnished in constructing improvements on the land. The trial court declined to permit the amendment on the ground that it was not germane to the scope and object of the original bill and set up an entirely different cause of action. The original bill was one exclusively of equitable jurisdiction, whereas the other was to enforce a remedy at law expressly required to be sought and enforced in the circuit court. In the first instance if the contractual lien had existed it would have encumbered all the land described therein. In the second instance, the statutory lien for material was confined to the building and one acre of ground in connection therewith. Pearson, in whose favor the alleged second deed of trust and a subsequent deed had been executed, was a party defendant and could have asserted as a defense to the original bill that he had no notice of the alleged prior deed of trust and could have, upon proof of such want of notice, defeated any recovery whatever on behalf of the complainant so far as a lien was concerned. Under the proposed amended bill the want of notice of the debt and the purported lien could

not defeat the suit. Under the original bill when it was shown that the purported deed of trust to the lumber company had never been executed the only relief that could be had by the complainant was a personal decree against the Peytons for the amount of the debt sued for. Under the proposed amended bill the complainant might collect the indebtedness against the building and one acre of land at the expense of Pearson. A decree on the original bill would have been one only in personam under the proof made, whereas under the proposed amended bill the decree would have been one in rem. Under the original bill at the time the allowance of the amendment was asked the rights of Pearson could not have been affected under the facts shown, whereas the decree sought under the amended bill would have materially affected his interest. On appeal from the decision of the chancellor in that case this court reversed and remanded the cause, and in holding that the amendment should have been permitted suggested that the case could have been transferred to the circuit court in order that the action at law could have been proceeded with. And the court, among other things, said: "It is true that the lien sought to be enforced in the original bill is different from the one sought to be enforced in the amended bill, but the object sought to be accomplished in each is the same, and therefore there is no inconsistency between them." Obviously, the court meant that the object sought to be accomplished was the collection of the debt against the land. In the case at bar the object sought to be accomplished under the bill of complaint in chancery and under the declaration at law is the collection of the alleged default of Rogers as against him and his sureties under the bond in question.

Moreover, under the case of McDowell v. Minor, 158 Miss. 788, 131 So. 278, and the authorities therein cited, the motion to strike the declaration was not sustainable. In that case the court said: "We notice that in some

districts both in law and in chancery there is an occasional occurrence of this erroneous practice of attempting to substitute a motion to strike for the more appropriate method of a plenary pleading, whereas from the earliest times consistently down to this day that unauthorized procedure has been disapproved and discouraged in this jurisdiction. It is true that where a pleading has been filed out of time without just excuse, or where a pleading is so manifestly sham and frivolous as to be in substance no pleading at all, or where clearly the pleading thus attacked can have no legitimate place in the proceedings under any possible view that may be taken of the case, the motion to strike is available. But in the absence of statute, a motion is not a pleading and 'ought not to be permitted to usurp the place of regular formal pleading where they are appropriate.' The rule in this state is that the stringent remedy of striking finally from the files will be allowed only when there is no other available method of plenary pleading and when the justice of the motion to strike is so clear as to be fairly undisputable. To state the rule in other words, it may be summarized in the language taken from page 671 in 19 Ruling Case Law: 'Motions are generally appropriate only in the absence of remedies by regular pleadings and cannot be made available to settle important questions or to dispose of the merits of the case.' See, also, Gridley v. Duncan, 8 Smedes & M.(16 Miss.) 456, 458, 459; Marshall v. Hamilton, 41 Miss. 229, 235; Tully v. Herrin, 44 Miss. 626, 629; McClave-Brooks Co. v. Oil Works, 113 Miss. 500, 509, 74 So. 332; Kehlor Flour Mills Co. v. Reeves Gro. Co., 113 Miss. 30, 35, 73 So. 866; Griffith Miss. Chan. Pr., secs. 274, 367, 400, 402.'' We do not think that the declaration falls within the class above mentioned where the motion to strike is available.

The action of the court below in sustaining the motion to strike the declaration and in dismissing the suit must be reversed and the cause remanded to be proceeded with

194

the same as if the suit had been originally begun in that court on the declaration which was erroneously stricken from the files.

Reversed and remanded.