498 So.2d 387 (1986)
Reba Faye Nicholson McKINNEY
v.
Sombra Lutricia McKinney KING.
No. 56020.
Supreme Court of Mississippi.
November 26, 1986.
B. Stirling Tighe, Tighe & Tighe, Jackson, for appellant.
Edward Ellington, Jackson, for appellee.
Before HAWKINS, P.J., and PRATHER and ROBERTSON, JJ.
*388 HAWKINS, Presiding Justice, for the Court.
Reba Faye Nicholson McKinney appeals from a decree of the chancery court of the First Judicial District of Hinds County cancelling a warranty deed which she executed, under a power of attorney from her husband, to herself and husband as joint tenants with right of survivorship.
Her husband had executed the power of attorney when terminally ill, and was the sole owner of the realty.
Finding Reba Faye violated her fiduciary responsibility as an agent, we affirm.

FACTS
William R. Voyles McKinney (William) married Reba Faye Nicholson McKinney (Reba Faye) on February 17, 1974. It was the third marriage for each. At the time of the marriage William was employed at a Jitney Jungle store, owned a house and lot in Jackson, and had a daughter from a previous marriage, Sombra Lutricia McKinney King (Sombra).
In August, 1981, William was diagnosed as having a cancer of his jaw, from which he ultimately died on February 10, 1983.
On March 26, 1982, William executed a will devising the realty owned by him to Reba Faye and Sombra, giving Reba Faye the use and occupancy of the house and lot so long as she remained a widow and so long as she actually resided on the property.
Because of the inconvenience of having to go to the hospital to get William to sign insurance papers and forms, the local manager of the grocery store where William worked, James Sullivan, suggested to Reba Faye that William execute a power of attorney to enable her to sign these documents for William. Thereafter, Sullivan and Reba Faye went to the hospital, explained the situation to him, and at Sullivan's suggestion, William executed the power of attorney on January 18, 1983. Sullivan prepared the power of attorney prior to their discussion.
On January 21, 1983, Reba Faye as attorney for William and for herself individually executed a warranty deed to herself and William as joint tenants with right of survivorship, and not as tenants in common, to the realty owned by William. Reba Faye executed the deed without William's knowledge or consent.
William died February 10. Reba Faye filed the will for probate. When Sombra learned of the transfer, she sued to set the deed aside as void and a cloud on her title.
At the hearing the chancellor pointedly asked counsel for Reba Faye how the execution of the warranty deed was in the best interest of William. Counsel never responded to the query.
Following the hearing the chancellor ruled that a confidential relationship existed between Reba Faye and William, and that this had been violated when the deed was executed.
The chancellor cited the familiar case of Ham v. Ham, 146 Miss. 161, 110 So. 583 (1926), in support of his ruling. He cancelled and set aside the deed.
Reba Faye has appealed.

LAW
The power of attorney executed by William and accepted by Reba Faye constituted Reba Faye as William's agent with certain specified powers. Trenouth v. Mulroney, 124 Mont. 499, 227 P.2d 590 (1951); McLaren Gold Mines Co. v. Morton, 124 Mont. 382, 224 P.2d 975 (1950).
It is fundamental law that an agent owes his principal absolute good faith and fidelity, and he cannot in the exercise of his authority as agent acquire property or interest therein rightfully belonging to his principal without full disclosure and free consent of his principal. Any property or interest obtained thereby is voidable by, and may be set aside by the principal or his estate. Consumers Credit Corp. of Miss. v. Swilley, 243 Miss. 838, 138 So.2d 885 (1962); VanZandt v. VanZandt, 227 Miss. 528, 86 So.2d 466 (1956); McDowell v. Minor, *389 158 Miss. 788, 131 So. 278 (1930); Gillenwaters v. Miller, 49 Miss. 150 (1873).
The execution of the warranty deed by Reba Faye was a blatantly fraudulent transaction against her dying husband and his estate. The judgment of the chancery court is affirmed.
AFFIRMED.
WALKER, C.J., ROY NOBLE LEE, P.J., and DAN M. LEE, PRATHER, ROBERTSON, SULLIVAN, ANDERSON and GRIFFIN, JJ., concur.