McClave-Brooks Co. v. Belzoni Oil Works.

[74 South. 332, Division B.]

1. SALES. *Action for price. Pleading.*

In a suit for the purchase price of an outfit; to be used under a boiler, which outfit was guaranteed to reduce defendants' coal bills and increase the capacity of the boiler, it was permissible for the plaintiff to allege in its declaration, that the wrong of defendants prevented it from making good its guarantee by demonstration; that it would have performed its contract and made good its guarantee but for the failure and refusal of the defendant to make the test for the period of time named in the contract under the direction and instruction of the plaintiff, and the court erred in striking out this count of the declaration.

2. PLEADING. *Objection. Motion to strike. Demurrer.*

   A motion to strike from the files a count in a declaration was an improper way to raise the objection to the pleadings but if the defects appeared upon the face, a demurrer should have been taken and the plaintiff given an opportunity to amend, if advised that such course was proper.

3. SALES. *Evidence. Admissions of corporate officer.*

   In a suit for the purchase price of an outfit sold the defendant corporation for use under its boiler, it was error to refuse to admit the declaration of defendant's manager that the equipment was giving satisfaction and was increasing the boiler capacity of their plant, made to a third party; since defendant, being a corporation, must act through its agents and the declaration of its manager, under the circumstances disclosed in this record was a declaration of the corporation itself in legal effect.

4. SALES. *Pleading. Performance of contract. Statute.*

   Under Code 1906, section 769, so providing, it is sufficient to aver generally that the plaintiff performed the conditions on its part, and it devolved upon the defendant by its pleadings, to assign in what particulars there was a failure on the part of the plaintiff to perform to which pleas of the defendant plaintiff would have a right to reply by confession and avoidance or by tendering issue on such pleas of defendant.

APPEAL from the circuit court of Washington county.
HON. F. E. EVERETT, Judge.

Suit by McClave-Brooks Company against the Belzoni Oil Works. From a judgment for defendant, plaintiff appeals.

The facts are fully stated in the opinion of the court.

*Boddie & Farish,* for appellee.

Our contention in the first place is, that there was not a misjoinder of cause of action in the declaration; that by the most strained construction, the third count cannot be considered an action *ex delicto,* or one sounding in tort. The appellant was suing on the contract for the purchase price of the equipment sold, and not for damages or the destruction of the equipment by the appellee. This count merely recited the reason why the appellant did not comply with the guarantee in the contract giving as their

reason that appellee had made it impossible for appellant to do so. This, we submit, it was necessary for appellant to do in the declaration, as otherwise appellant would have been called upon to prove that it did make good its guarantee in the contract had appellee filed the plea of general issue and appellant would not have been permitted to show why it failed to make good its guarantee. In our humble judgment the rules of pleading require that one must show performance of any condition in the contract, or he must account for his failure to perform it. This is all the appellant did in its third count. The court will see from the record that it did not even occur to counsel for appellee that this count sounded in tort until after the appellant had closed its case. We think the evidence fully sustained the allegations of the third count, and the case should have been submitted to the jury on this count.

Concede for the sake of the argument, that the declaration was one in contract and tort, then we submit that the proper, and the only course for appellee to have pursued, would have been sustained by the court under the ruling of the court in this case, and then the appellant would have been permitted to amend its declaration, and the case tried on its merits. We think this is the practice in Mississippi, as shown in the case of *Town of Hazlehurst* v. *Telephone Co.,* 83 Miss. p. 303. If the declaration misjoined causes of action, then how could appellee take advantage of this by a motion to strike any particular count in the declaration, the whole declaration being bad.

Again concede for the sake of the argument that the ruling of the court was correct in striking out this count, then we submit that the appellant was entitled to go to the jury on the issue raised by the first two counts in the declaration, the plea of general issue with notice and the counter notice filed by appellant. On this state of the pleadings the same issue was presented as if the appellee had filed a special plea denying liability on the contract for purchase money sued for, for the reason that appel-

lant had failed to make good its guarantee in the contract sued on, with a replication by appellant to the effect that appellee had made it impossible for appellant to make good its guarantee, and a joinder of issue thereon. On this issue the case should have been submitted to the jury.

We submit that the trial court was in error in striking out the third count, then we submit that the appellant was entitled to go to the jury on the issue raised by the first two counts in the declaration, the plea of general issue, with notice, and the counter notice filed by appellant. On this state of the pleadings the same issue was presented as if the appellee had filed a special plea denying liability on the contract for purchase money sued for, for the reason that appellant had failed to make good its guarantee in the contract sued on, with a replication by appellant to the effect that appellee had made it impossible for appellant to make good its guarantee, and a joinder of issue therein. On this issue the case should have been submitted to the jury.

We submit that the trial court was in error in striking out the third count and granting the peremptory instruction for appellee; that the instructions for appellant should have been granted and the case submitted to the jury.

For these reasons, we respectfully submit, the judgment should be reversed.

*Percy & Percy,* for appellant.

A summary of the third count amounts to the following: The plaintiff undertook to furnish to defendant's mill, machinery which would increase its boiler capacity a certain amount and decrease its coal consumption a certain amount, the chief parts of the machinery being grates. Machinery was furnished and because of defendant's negligence, the grates to some were burned out; wherefore, "because of the conduct on the part of defendant, it became impossible for it to comply with its

guarantees.'' Wherefore, defendant became liable to pay the sum of six hundred and thirty dollars for said equipment. There is a fatal omission in this count, an omission which was intentional. No allegation was made and no proof was made that the machinery at the time it was installed and before the grates were burned out by the defendant, ever would have, even if properly operated, increased the boiler capacity twenty-five per cent or decreased the coal consumption ten per cent. Of course, even if it would do neither of these things, and was wrongfully destroyed, plaintiff could recover in tort for the wrongful destruction of his property, but he cannot recover under his contract of guarantee, unless the machinery furnished by him was up to the guarantee. The proposition is so simple it seems useless to argue it. If ''A'' contracts to furnish ''B'' a Packard car and furnished him a Ford, and ''B'' enraged, drives the Ford into the river and destroys it, 'A' can recover in tort the value of his Ford, but he cannot recover on contract the contract price of his Packard, nor can he recover in contract the value of the Ford. If ''C'' contracts to sell ''D'' a gaited horse but delivers to ''D'' an animal without gaits, and ''D'' kills the same, ''C'' can recover the value of the animal killed in tort, but cannot recover in contract the contract price of the gaited animal. In other words, no matter what the wrong of the defendant is, the plaintiff cannot recover in contract unless he performs his part of the contract or could have performed it and was prevented from performing it by defendant's wrongful act. The defendant in the third count does not allege that the machinery ever could have come up to contract and the proof shows beyond the shadow of any doubt that it never did come up to the contract. Even if the error of pleading be overlooked, the failure in the proof cannot be overlooked, and is exactly the same under the third count as it was under the first count. Plaintiff had to prove that the machinery he delivered to the defendant could increase the boiler ca-

pacity twenty-five per cent and could decrease the coal consumption ten per cent. This proof was not made and a peremptory instruction for the defendant was inevitable. Plaintiff's whole misconception of what the basic law of contract is may be seen in the third instruction requested by him and refused. (Page 82 of the record.) That instruction is a good instruction in tort, but plaintiff insisted that it is an instruction in contract. It reads in part as follows:

"If the grating and other parts were burnt out because of the improper handling by employees of defendant, you will find for the plaintiff notwithstanding you may further believe from the evidence that said equipment failed to come up to the guarantees contained in the contract under which said equipment was sold." Even in tort the closing line of the instruction would render it bad because it instructs the jury if it finds for the plaintiff to find for it in the sum of six hundred fifty dollars and fifteen cents, a sum not the actual value of the property destroyed, but the contract price of same.

We submit in conclusion that granting every contention made by plaintiff as to what the pleading should have been, he failed absolutely and vitally to make out his own case, to prove that he performed the duties he had to perform under the contract before he could recover of the defendant, and that there was no course for the court to pursue except to grant a peremptory instruction for the defendant.

Ethridge, J., delivered the opinion of the court.

The appellant filed suit in the circuit court of Washington county for six hundred and thirty dollars, the purchase price of an outfit sold defendant to be used under their boiler, and also for twenty dollars and fifteen cents, supplemental articles in connection therewith. There were three counts in the declaration; the contract being made an exhibit to the declaration. The first count alleges the

sale of the goods, wares, and merchandise of the said amount, alleges performance on the part of plaintiff of the terms of the contract, and demanded judgment for the said amount. The second count of the declaration declares in debt for six hundred fifty dollars and fifteen cents on itemized account. The third count declares on contract and alleges that it was agreed by the plaintiff that the equipment sold was guaranteed to save ten per cent. of defendant's coal bills and that the boilers in defendant's mill would be increased twenty-five per cent. in capacity, and that, if after sixty days' trial the said guaranty were not made good, the plaintiff would remove the system or equipment at the convenience of the defendant and at the expense of the plaintiff, and would leave defendant's furnace in as good condition as originally found, but that, if the guaranties were made good, then the defendant was to pay plaintiff one-half the purchase money in cash and the balance at the end of sixty days after the completion of the trial period, and alleges that before the end of the trial period, because of the negligence on the part of the employees of the defendant in charge of said equipment, the principal part of the equipment was burnt out and destroyed and had to be taken out by the defendant, thrown away, and rendered absolutely valueless, and demanded judgment for the full contract price of the equipment. The contract made an exhibit to the bill, omitting the itemized articles embraced in it, reads as follows:

"  .   .   .  All the foregoing are to be erected by us complete before August 20, 1914.

"Trial period to start October 1, 1914.

"Guaranty: To make a saving of ten per cent. in your coal bills, and increase capacity of boilers twenty-five per cent., the saving in fuel to be evidenced by your coal bills during the trial periods, and further guarantee you will be able to clean fires through the action of the grates with fire doors closed, and your boiler pressure will be more uniform, and you will be able to burn any market-

able coal; in burning slack coal, it will not take more than ten per cent. of slack to do the same work as mine run coal, both coals being from the same mine.

"Price of the equipment as above specified, six hundred and thirty dollars ($630).

"F. o. b. cars Scranton, Pa.; Freight money will be refunded if we do not make good the above guaranties.

"Terms: Trial period of sixty days, if we do not make good the above guaranties we will remove our system at your convenience, and at no cost to you, and leave your furnace in as good condition as originally found, after which our contract becomes void; if we make good the above guaranties you are to pay us half the amount at the end of trial period, and give us sixty days' note for balance.

"This proposal is for prompt acceptance and is intended to cover all material which is a part of the system complete as specified above, but does not include any brickwork or steam fitting."

—which contract was accepted by the Belzoni Oil Works.

Defendants pleaded the general issue and gave notice that under its plea of the general issue (under our statutes) it would claim an offset against the plaintiff for loss of time, increased coal consumption, etc.

Plaintiff introduced evidence that the machinery so ordered was shipped and installed and that it showed the defendant the manner of using the equipment; that after it was installed, and prior to the end of the trial period, it had inspected the work of the defendant, on the complaint of defendant, and found that the defendant had not operated the equipment properly, but had permitted ashes to accumulate in the ash pit, had overheated the equipment, and had installed extra pipes in the drafting of the equipment which impaired the efficiency of the equipment. Plaintiff also proved that it found certain of the grates damaged and burned out, and had told the defendant to order and put in new grating which it failed to do. It also offered in evidence state-

ments of the agent of the defendant (defendant being a corporation) to a third party recommending the equipment to the third party as increasing its boiler capacity. Plaintiff offered to prove that plants constructed just as the one in suit was would increase the boiler capacity twenty-five per cent. and decrease coal consumption ten per cent. This testimony was objected to, objection sustained by the court, and an exception taken. The testimony offered by the plaintiff to show that the agent of defendant recommended the equipment to a third party, a sawmill man, representing that it had increased the boiler capacity of defendant's plant, was excluded by the court and an exception taken. The plaintiff's witness testified that absolute carelessness on the part of defendant caused the equipment to be burned out.

At the conclusion of the plaintiff's testimony, defendant moved to strike from the files the third count of the declaration, which motion the court sustained.

The defendant offered evidence that the equipment did not perform the work as guaranteed, and that, instead of increasing its boiler capacity, there was a decrease, and that, instead of a decrease in coal consumed, there was an increase in coal consumed. It also offered testimony that it kept the ash pits cleaned out and otherwise conformed to the proper operation of the equipment. In this condition of the record the court granted a peremptory instruction for the defendant.

Plaintiff in its appeal here assigns as error that the court erred in striking out the third count of the declaration; that the court erred in sustaining objections to the testimony above mentioned; and that the court erred in granting a peremptory instruction for the defendant.

We think the court erred in each of these particulars. In striking out the third count of the declaration, we presume it did so on the theory that it was a declaration in tort, but we do not think it is. We think it was permissible for the plaintiff to allege in its declaration that

the wrong of defendant prevented it from making good its guarantee by demonstration; that it would have performed its contract and made good its guarantee but for the failure and refusal of the defendant to make the test for the period of time named in the contract, under the direction and instruction of the plaintiff.

The motion to strike from the files was an improper way to raise the objection to the pleadings, but, if the defects appeared upon the face, a demurrer should have been taken and the plaintiff given an opportunity to amend, if advised that such course was proper.

We believe it was erroneous to refuse to admit the declaration of defendant's manager that the equipment was giving satisfaction and was increasing the boiler capacity of their plant, made to a third party. Defendant, being a corporation, must act through its agents, and the declaration of its manager, under the circumstances disclosed in this record, is a declaration of the corporation itself, in legal effect.

In reference to the peremptory instruction given for the defendant, we think we have stated enough to show there was evidence which, if believed by the jury, would warrant a verdict for the plaintiff, even though the third count of the declaration was stricken out. It is our belief that the declaration, alleging performance of all the conditions on the part of plaintiff, was sufficient to show that its contract was regularly performed, when it performed to the extent that defendant would permit it to perform, and that the defendant could not use its own wrong in preventing a performance—which the plaintiff's evidence tends to show that it did—to its own advantage; and if the evidence showed that the defendant's wrong prevented a performance, it could not, under the pleadings in this case, make the objection that the plaintiff was confined to the affirmative averments in its declaration. Under our statutes (Code 1906, section 769) it is sufficient to aver generally that the plaintiff performed

the conditions on its part, and it devolved upon the defendant, by its pleadings, to assign in what particulars there was a failure on the part of the plaintiff to perform, to which pleas of the defendant plaintiff would have a right to reply by confession and avoidance or by tender· ing issue on such pleas of the defendant.

Because of the errors indicated, the judgment will be reversed and remanded.

*Reversed and remanded.*