ALEX LOEB, INC., *v.* BOARD OF TRUSTEES, PEARL RIVER JUNIOR COLLEGE.

(Division A. Jan. 7, 1935. Suggestion of Error Overruled Feb. 4, 1935.)

[158 So. 333. No. 31502.]

**J. C. Floyd,** of Meridian, for appellant.

**Parker & Shivers**, of Poplarville, for appellee.

470

McGowen, J., delivered the opinion of the court.

Appellant, Alex Loeb, Inc., filed its petition seeking an extraordinary writ of mandamus against certain named trustees of the Pearl River Junior College.

The declaration, omitting the formal parts, is as follows:

"II. That the petitioner herein, Alex Loeb, Inc., is engaged in the business of selling at wholesale and retail, to the general public, the athletic goods and supplies, shoes, clothes, and wearing apparel for men and boys.

"III. That heretofore at the special instance and request of the defendants herein through their dully authorized agent and representative, the petitioner herein sold certain goods, wares, and merchandise to said defendants for use as supplies at the said Pearl River Junior College, the amount now due on said account being four hundred fifty-seven dollars and ninety-six cents, as is particularly shown by the itemized, verified statement hereto attached, marked Exhibit 'A,' and made a part thereof.

"IV. That said merchandise was necessary and proper for use at said school and the payment for which is part of the necessary expense of said school.

"V. That said merchandise was used or is being used by said school.

"VI. That the prices charged by petitioner for said merchandise was usual, proper, and reasonable.

"VII. That although petitioners were entitled to payment for said merchandise immediately after delivery of same, they have never been paid, and said account is still due, outstanding, and unpaid.

"VIII. That although the petitioner has often requested defendants to pay said account, thus far they have wholly failed, refused, and neglected to pay said account, and have wholly failed, refused, and neglected to allow said account and cause pay certificate to issue therefor.

"IX. That although said Board of Trustees, composed of the defendants herein, is required under the law to pass upon, allow, and pay, or cause to be paid, the claim of this petitioner, they have and continue to fail, refuse, and neglect to do so, and petitioner is without a plain,

adequate and speedy remedy in the ordinary cause of law, and therefore petitioner is entitled to the writ of mandamus herein prayed for.

"Wherefore, premises considered, petitioner prays that proper process issue to the defendants hereinabove named, returnable to June term of this court, and that upon a hearing hereof, this court will, by proper writ of mandamus, require the defendants, composing said board of trustees, to pass upon, allow and pay, or cause to be paid, the claim of this petitioner, as provided by law."

There was attached to the petition for mandamus an itemized account against the Pearl River Junior. College for various items consisting of shoes, shirts, alcohol, football guides, and sweaters, amounting to four hundred fifty-seven dollars and ninety-six cents.

The court below sustained the demurrer to the petition, the appellant declined to amend, and the cause was dismissed.

1. It is alleged, in the declaration, that the debt involved was contracted by the defendants, the appellees, through their duly authorized agent. No statute is cited or authority given whereby the board of trustees of a junior college, invested with the duty of operating the school, is empowered to designate an agent to perform its duties; and the demurrer would be sustained for that reason.

2. It is alleged, it will be observed, that the defendants or appellees refused to pay said account. This allegation is sufficient to charge that the appellees rejected the claim, and it is thought not to be necessary that the rejection of a claim be shown on the minutes of the particular administrative board against which the extraordinary writ of mandamus is sought. See Grenada County v. City of Grenada, 168 Miss. 68, 150 So. 655.

This action having been brought under section 2348, Code 1930, the writ issues only to compel the inferior tribunal to act, but it cannot control its discretion or dictate what its action shall be in such case. See Board of Sup'rs of Monroe County v. State, 63 Miss. 135. The writ of mandamus might be proper in the event the claim had been audited and allowed, but payment refused in some cases under certain circumstances. The claim here has been rejected; therefore the appellant is remitted to an action at law for debt. However, appellant, in that situation, is confronted with this difficulty; this junior college is created, established, and operated by the authority of article 17, chapter 163, Code 1930 (section 6694 et seq.), this school being an adjunct or a successor, in favor with the Legislature and school authorities, to the agricultural high school; and no authority is to be found for the institution of a suit against this junior college, as announced in the cases of Nabors v. Smith, 135 Miss. 608, 100 So. 177; Ayres v. Board of Trustees, 134 Miss. 363, 98 So. 847. It is palpable, therefore, that this petition is not an effort to require the board of trustees to exercise an unperformed administrative duty, but is an effort to collect a debt by the extraordinary writ and the extraordinary power vested in the court to enforce the writ for the collection of a debt against it, a subdivision or agency of the state, which the appellant has no authority to sue, and which cannot be done.

The remedy of mandamus lies to require the performance of an official duty which an officer has refused to discharge. See Anderson v. Robins, 161 Miss. 604, 137 So. 476. There is no allegation that the board of trustees here sued failed to perform an official duty. Mandamus will not lie in this case requiring the board to allow and pay the claim.

3. It is urged by the appellees that the claim sued on could not be allowed legally, were they disposed to do

so; because it is a claim for shoes, shirts, and athletic goods, for which the Legislature has not made an appropriation, nor has it provided or authorized, by taxation or otherwise, the expenditure of money for such purposes. This has raised a serious question which we are not disposed to consider, in view of the fact that we have concluded, on other grounds, that the demurrer to the petition was properly sustained. We would prefer to pass upon this question when the evidence is presented and all the facts concerning the contract by which the debt was created are before us.

We are of the opinion that the court below properly sustained the demurrer.

Affirmed.