STATE BY J. P. COLEMAN, ATTY. GEN. *v.* R. A. CAMERON, et al., TRUSTEES, OAK GROVE CONSOLIDATED SCHOOL DISTRICT.

No. 39464          February 7, 1955          77 So. 2d 716

*Wingo & Finch,* Hattiesburg; *J. P. Coleman,* Atty. Gen., Jackson, for appellant.

*Hannah, Simrall & Aultman,* Hattiesburg, for appellees.

McGEHEE, C. J.

This is an appeal from an order of the Circuit Court sustaining a demurrer to a petition for a writ of mandamus against the appellees, and finally dismissing the petition upon the petitioner having declined to plead further.

The petition for mandamus alleges that the appellees, R. A. Cameron, E. N. Crews, J. L. Jackson, Wesley Nobles and Clyde Hatten, as Trustees of the Oak Grove Consolidated School District in Lamar County, under and by virtue of the provisions of Section 6378, Code of 1942, are the legal custodians of all the school property

of said school district, including the high school building; that there had been awarded a contract to L. B. Priester and Son Construction Company to construct a high school building according to certain plans and specifications, which are not made an exhibit to the petition; that the said building was not properly constructed according to the plans and specifications; that at a meeting of the trustees and the contractor, L. B. Priester, in the school building at Oak Grove, for the purpose of having certain patrons of the school to point out to the trustees and the contractor certain defects in the manner in which said building had been constructed, and at which meeting all of the trustees and the contractor were present, numerous patrons of the school pointed out a number of defects then existing in said building, because of poor workmanship, which showed cracks in the building, the standing of water upon the roof after a rain, leaky places in the hallway, large cracks in the floor of the hall and rooms of the building, etc., that they and the contractor declined to do anything about having such defects corrected; and that "the Trustees have heretofore refused to permit their names to be used as said Trustees in a suit against the Contractor to require him to carry out the terms and conditions of his contract, and to make good the defects in the workmanship therein, even though it is their solemn duty under the law, as such trustees, and as the custodian of said school building, to require that said defects be remedied or to bring suit to enforce the remedying of the same, all of which they have steadfastly declined and refused to do, to the great injury of the patrons of said school and the general public, who are all concerned in seeing that the school district receive full benefit from the construction contract in relation to said school building, and that the Trustees, and each of them, should be required by mandamus to do and perform that which the law requires them to do in

respect to said defective condition of said building,
* * * ."

It is not alleged, in seeking the writ of mandamus, that the law "specially enjoins as a duty" the bringing of the suit by the appellees, as trustees of the school, against the contractor, as contemplated by Section 1109, Code of 1942, in providing in what cases a writ of mandamus may be obtained, but reliance is placed on Section 6378, Code of 1942, which declares that the trustees of all school districts are custodians of the school property and shall have charge of the erection, repairing or equipping of school buildings, etc. The said Section 6378 is not applicable as a law which "specially enjoins as a duty" the bringing of the suit by the trustees under the facts and circumstances hereinbefore alleged. Nor does Section 1109, supra, give the right to a writ of mandamus except "where there is not a plain, adequate, and speedy remedy in the ordinary course of law."

Section 2956, Code of 1942, provides that: "Suit may be brought, in the name of the county, where only a part of the county or of its inhabitants are concerned, and where there is a public right of such party to be vindicated."

We call attention to McKee v. Hogan, 145 Miss. 747, 110 So. 775, wherein this same section of the Code, appearing as Section 310, Code of 1906, is quoted and construed, as is likewise true in Storey, et al. v. Rhodes, et al., 178 Miss. 776, 174 So. 560, which seems to be controlling upon the question presented by this appeal.

We have called attention to these decisions in addition to those cited in the briefs of counsel bearing upon the question as to when mandamus will lie. ▪▪ ▪ Suffice it to say, we are of the opinion that there was no error committed by the trial court in sustaining the demurrer to the petition in the instant case, and that its action in regard thereto should be affirmed but without prejudice

to any other remedy which may be afforded by law to the patrons and taxpayers for whose benefit this suit is brought.

In view of the conclusion that we have reached, we deem it unnecessary to pass upon the question as to whether or not the plans and specifications for the construction of the school building should have been attached as an exhibit to this petition. Of course they would have to be attached to any declaration or a complaint in any suit brought directly against the contractor, since any remedy that may exist against him or his surety would necessarily have to be based upon his contract with the school trustees and upon his bond given for the benefit of the district.

Attention is also called to the fact that the appellees, as trustees of the school in question, are alleged in the petition for mandamus to have ''heretofore refused to permit their names to be used as said Trustees in a suit against the contractor to require him to carry out the terms and conditions of the contract, and to make good the defects in the workmanship therein.   *   *   *.'' It is not alleged whether this refusal is shown by the minutes of the school of the board of trustees or not. See Alex Loeb, Inc. v. Board of Trustees, Pearl River Junior College, 171 Miss. 467, 158 So. 333. At any rate, where the members of a board have exercised their discretion as to whether or not they should risk incurring court costs and the expenditure of funds for attorneys fees in connection with the bringing of a suit, their discretion cannot be controlled by mandamus, nor can they be required to act in a prescribed manner to obtain relief on account of the defects complained of. It was held in the case of Shotwell v. Covington, 69 Miss. 735, 12 So. 260, where the president of the board of supervisors had declined to approve a bond tendered him by Covington, that however unjust or arbitrary his acts might be, they, nevertheless, constituted an exercise of discre-

tion vested in him, and were not subject to revision nor control by mandamus. The petition here affirmatively shows that the board of trustees had declined and refused to grant the request of the interested patrons, and it is not alleged that the board of supervisors had been requested to bring the suit under Section 2956, Code of 1942. As to whether or not the interested patrons, as taxpayers, would be entitled to bring suit by inviting all other taxpayers in the district to join therein, after having first requested the county or other proper officers to bring the same is not before us, and we express no opinion in regard thereto.

Affirmed.

*Kyle, Holmes, Ethridge* and *Gillespie, JJ.,* concur.