POWE *v.* FORREST COUNTY ELECTION COMMISSION

No. 43056 May 11, 1964 163 So. 2d 656

758

*Dudley W. Conner,* Hattiesburg, for appellant.

*Heidelberg, Sutherland & McKenzie, Zachary & Weldy,* Hattiesburg, for appellees.

RODGERS, J.

This is an appeal from a final order of the Circuit Court of Forrest County, Mississippi, dismissing a

petition for a writ of mandamus. The petition alleges that the appellant, William A. Powe, was a duly qualified nominee of the Republican Party of Mississippi for the office of State Senator for the Eighth Senatorial District from Forrest County, Mississippi. The petitioner requested that his name be placed on the ballot for the general election to be held on the following November 5, 1963. A certificate showing the Executive Committee of Forrest County, Mississippi had received the request to place the name of William (Bill) A. Powe on the ballot as the nominee of the Party "as required by law", dated August 20, 1963, was attached as Exhibit "A".

The petition also alleged that the Forrest County Election Commission (hereinafter called Commission) composed of G. C. Simmons, H. L. Norsworthy and Mrs. Mary Pou, assembled on the 15th day of October 1963, illegally and in violation of their statutory duty refused to cause petitioner's name to be placed on the ballot, and without authority of law attempted to inquire into his qualifications; that, they found as a matter of fact, the petitioner had not been qualified as an elector in the State of Mississippi for the time required by §42, Miss. Constitution 1890.

A copy of the order entered by the Commission is attached to the petition, and this order shows that the Commission heard evidence and that the petitioner was present with his attorney at the hearing. The order further shows that new registrations were required of the voters from time to time by the Board of Supervisors of Forrest County; that the last time the petitioner voted was in 1923; and, that petitioner did not register again until October 4, 1960, at Rock Hill precinct. The attached order concluded in the following language: "* * * and that said Commission finds as a fact that the said WILLIAM A. POWE has not been a qualified elector of the State of Mississippi as required by Section

42 of the Mississippi Constitution 1890 and that it becomes the duty of these Commissioners to order that his name should not appear upon the ballot.'' The Commission then ordered that the petitioner's name should not appear.

The Commissioners filed a motion to dismiss the application for a writ of mandamus, based upon the legal propositions that: (1) there was no default in the performance of the duty required of the defendants; (2) the statutes on which the petitioner seeks relief are not mandatory but are directory; (3) if the election statutes were mandatory, it would be necessary for the election of November 5, 1963, to be held before the Commissioners would be required to perform any act for which mandamus is sought; (4) there is an adequate and clear remedy at law by an appeal; and (5) no damage to the petitioner can result because the court may require a new election if the petitioner's appeal is sustained.

After the hearing on the motion, the judge entered an order sustaining the motion and dismissing the petition.

I

The first question to be determined is whether or not the Commission has the duty and discretion to determine the qualifications of persons certified to the Commission as persons nominated by a political party as candidates for public office.

The pertinent Code sections with reference to the Election Commission are set out in Notes below. *

We believe the case of Ruhr, et al. v. Cowan, Dist. Atty., et al., 146 Miss. 870, 112 So. 386, is decisive of the instant case. In the Ruhr case a petition was filed by a defeated party candidate asking to have his name placed on the ballot at a regular municipal election, and the Court said: ''It will be seen from reading section 6793, Hemingway's Code (section 4159, Code of 1906), that there are two methods by which a person may be elected to office in this State. One is by nomi-

nation by the political party to which the candidate belongs, under the provisions of the chapter on primary elections, and the other is by being nominated by at least 50 qualified electors of the municipality, county, or district. One of these methods must be pursued by any person desiring to become a candidate for office in a general election. Such person may resort to one of these methods, but he cannot resort to both of them.''

The Court, in the Ruhr case, quoting from McKenzie v. Boykin, 111 Miss. 256, 71 So. 382, said: ''So, we are of opinion that the realtor was not entitled to the writ of mandamus on the facts above set forth. Even if he had been entitled to have his name placed on the ballot under the facts stated, the circuit judge was without power, on the writ of mandamus, to himself direct the candidate's name to be printed on the ballot. The law clothes the election commissioners with the duty of determining the sufficiency and genuiness of the signatures and the qualifications of the signers, subject to be reviewed by the circuit court on appeal under the section above cited.'' Code §4169 (1906) mentioned in the Ruhr case is now §3260, Miss. Code 1942, Rec.

The appellant earnestly insists that §3261, Miss. Code 1942, Rec., set out in *Notes, requires that the names of all candidates nominated by a political party shall be printed on the ballot, and that the Commissioners have no discretion to determine the qualifications of the candidates for public office. On the other hand, it will be observed that it is equally true that §3156, Miss. Code 1942, Rec., states: ''The name of any candidate shall not be placed upon the official ballot in general or special elections, as a party nominee, who is not nominated as herein provided, and the election of any party nominee who shall be nominated otherwise than as provided in this chapter shall be void and he shall not be entitled to hold the office to which he may have been elected * * *''.

764

In the case of State, ex rel., Rice, Atty. Gen. v. Dillon, 197 Miss. 504, 19 So. 2d 918, this Court pointed out that a substantial compliance with §3260, Miss. Code 1942, Rec., was sufficient to require the Commission to place the name of a petitioner on the ballot, and the filing of the petition with one of the Commissioners other than the circuit clerk was not fatal since the requirement that the petition be filed with the ballot commissioner, the circuit clerk was held to be directory and not mandatory. This Court said: ''In the first place, the power to say whose name is entitled to appear upon the ballot is vested not in the ballot Commissioner alone but in the Commissioners as a body. In other words, all three of the Commissioners are under duty to report and present to the Commissioners as a body any and all petitions which have been duly presented to any or all of them, and the Commissioners in session pass upon the legality and sufficiency of such petition to have the name of the petitioner appear upon the ballot.''

 █ From the foregoing authorities, it is apparent that the Commission has discretion to determine whether or not the names of a candidate shall be placed upon the ballot.

We do not believe the case of State, ex rel., Hudson, Atty. Gen. v. Pigott, et al., 97 Miss. 599, 54 So. 257, is controlling in the present case upon the theory that the acts of the Commission are ministerial and not discretionary, because in the Pigott case the statute under which the Commissioner acted was a special statute enacted for the purpose of organizing Walthall County (Chap. 321, Acts 1910) in which the Commissioners were directed to perform certain duties. The Commissioners failed to perform these duties but undertook to determine whether or not the votes cast at certain boxes required the Commission to disregard the result of election. The Court held in that case that

mandamus would lie to require the Commissioners to perform the duty imposed on them by the statute. In the case of Hudson v. Pigott, supra, this Court said: "If it be conceded that under the act many discretionary powers are vested in the Commission, is the right to make only partial returns to the Secretary of State and to reject the ballots cast at one precinct such a discretion as can be said to have been committed to the Commissioners? We think not." Thus it is apparent that the Court recognized that the Commissioners had discretionary power in that case except it could not leave undone duties required by the statute.

■■■ Section 3226 expressly gives the Election Commission authority to hear and determine all appeals from the decision of the registrar of their county. Section 3227 gives the Election Commission authority to summon witnesses, administer oaths to witnesses before them, and the decision of the Commissioners in all cases is final as to questions of fact, but not as to matters of law.

■■ ■ In the instant case, therefore, we are of the opinion that the Commission is a quasi judicial administrative agent of the State, and as such, has authority to determine whether or not a person is qualified as a candidate for public office, and such duty is not a ministerial act but is a determination and finding of fact by an administrative agency.

## II

The next question to be discussed is whether or not a mandamus will lie to compel the Commission to place the appellee's name upon the ballot, where the Commission has the authority to determine the qualifications of the candidate.

■■ ■ As a general rule, mandamus only lies to enforce the performance of a ministerial act or duty, and does not control the discretion of an administrative agency. 34 Am. Jur. 859, Mandamus, §70. ■■■ Where

an administrative officer or commission has discretion in a matter, mandamus may compel the inferior officer or tribunal to act but the writ cannot control their discretion or dictate the actions of the agency in the case. See Mayor and Aldermen of Vicksburg v. Rainwater, 47 Miss. 547; City of Greenwood v. Provine, 143 Miss. 42, 108 So. 284; Alex Loeb, Inc. v. Board of Trustees, Pearl River Junior College, 171 Miss. 467, 158 So. 333; City of Clarksdale v. Harris, 188 Miss. 806, 196 So. 647; State of Mississippi, by J. P. Coleman, Atty. Gen. v. Cameron, et al., Trustees, Oak Grove Consolidated School District, 223 Miss. 50, 77 So. 2d 716. From a casual reading of the case of Clark, et al. v. Board of Trustees of Loper Line Consolidated School District, 117 Miss. 234, 78 So. 145, it may appear to be adverse to the above theory. A careful reading of this case, however, will indicate that it actually confines itself to the law then in force with reference to school trustees. Administrative law has been enlarged since 1918, and the courts have become more accustomed and permissive to the use of administrative agencies for the purpose of carrying out the various public services of government to its citizens.

In the case of Davis, et ux v. Barr, Chairman, Miss. State Tax Commission, (Miss.), 157 So. 2d 505, this Court said: "The last century has witnessed the rise of a new instrument of government, the administrative tribunal. * * * It is said that: 'In recent years there has been a pronounced movement toward the enactment of general statutes containing codes of procedure to be followed by regulatory agencies.' * * * To say the least, administrative law has become a very effective tool in the administration of a modern, complicated government. Lawbook writers are taking notice of the rapidly developing field of Administrative Law, as will be seen by the correlated subjects of public administration under 2 Am. Jur. 2d, p. 20." Our Court

then pointed out (Davis v. Barr, supra) that one of the new rules growing out of administrative law is that known as exhaustion of administrative remedies. The above-mentioned textwriter (2 Am. Jur. 2d, Administrative Law, §595, p. 426), states as follows: " 'The doctrine of exhaustion of administrative remedies requires that where a remedy before an administrative agency is provided, relief must be sought by exhausting this remedy before the courts will act. This doctrine is well established, is a cardinal principle of practically universal application, and must be borne in mind by the courts in construing a statute providing for review of administrative action. Thus, frequent references is made to the long-settled rule of judicial administration that no one is entitled to judicial relief for a supposed or threatened injury until the prescribed administrative remedy has been exhausted.' " See also Board of Education of Benton County, Mississippi v. State Educational Finance Commission, 243 Miss. 782, 138 So. 2d 912.

 The administrative agency in the instant case, namely the Commissioners, are not only given the authority to decide the case, but the statute, §3227, expressly states: "The decisions of the commissioners in all cases shall be final as to questions of fact, but as to matters of law they may be revised by the circuit and Supreme Courts." It is therefore clear that this administrative agency is clothed with the authority and power to determine questions of fact as to matters within its jurisdiction, one of which is the qualifications of the candidates for office. See State, ex rel., Atty. Gen. v. Board of Supervisors of Coahoma County, 3 So. 143 (Miss. 1887).

A petitioner has the right to appeal from the decision of the Commission under the authority of the Code Sections in *Notes, particularly §3229, Miss. Code 1942, Rec., which requires the Commission to " * * * return the bill of exceptions and the appeal bond into the

circuit court of the county within five days after the filing of the same with them * * *''.

It is said in 2 Am. Jur. 2d. 434, § 599, Administrative Law, that ''Because the doctrine of exhaustion of administrative remedies is one of judicial administration, it is applicable to proceedings at law, as well as suits in equity, and applies in mandamus, certiorari, and declaratory judgment proceedings.''

■■ ■ We have, in accordance with the foregoing authorities, reached the conclusion that the Commission has discretion, First, to determine whether or not a person is qualified as a candidate for public office; Second, a writ of mandamus will not issue to control the discretion of the Commission in the performance of its duty; ■■■ ■ and, Third, persons aggrieved by the orders of the Commission are required to exhaust their administrative remedies of appeal as a prerequisite to judicial review, except in instances where the Commission does not have authority to pass upon the questions raised by the party resorting to judicial relief, or in cases in which an appeal is not sufficient to sustain due process of law.

### III

The next question to be discussed is whether or not motion to dismiss the petition for mandamus was the proper proceeding. The appellant pointed out that this Court has held that if it may be defective in form, yet appropriate to the action in going to the subject, it is error to strike or reject it. It must be disposed of by demurrer. In support of this rule, the appellant has cited the cases of Johnston v. Beard, 7 S & M 214; McClave-Brooks Company v. Belzoni Oil Works, 113 Miss. 500, 74 So. 332; Gulf Refining Company v. Davis, 224 Miss. 464, 80 So. 2d 467; and Caperton v. Winston County Fair Association, 169 Miss. 503, 153 So. 801.

The petition for mandamus here set out the facts, including a copy of the order of the commission denying the petitioner the right to have his name on the ballot. The so-called "motion" set out matters in bar of the action, alleging that petitioner had an adequate remedy of appeal, and that the writ would not be issued under the circumstances for which the writ was sought.

The pleadings required in mandamus proceedings are expressed in §1112, Miss. Code 1942, Rec., as follows: "The petition shall stand for a declaration, and the defendant shall plead to it as if it were an ordinary action at law, and the same rules of pleading and proceeding applicable to actions in the circuit court shall be observed in this action; and all issues made by the pleadings shall be tried and disposed of as in other actions in the circuit court, and the judgment of the court shall be framed to meet the circumstances of the case * * *".

Section 1475.5, Miss. Code 1942, Rec., is in the following language: "1. Pleas in circuit court are hereby abolished and every defense heretofore presentable by plea shall be made in an answer; and the answer may state as many defenses, whether consistent or not and whether heretofore made by plea in abatement or plea in bar, as in law or in fact, the defendant may have to the declaration or to any material part or parts thereof. But if matter which heretofore could constitute a plea be set up in the answer in such a manner as to be clearly distinct and readily separable and go to the entire present cause of action it may, on motion of either or any of the parties, be separately heard and disposed of before the principal trial of the cause, in the discretion of the court * * *".

■■■ We are unable to find in the record any objection to the plea filed by the appellee styled "motion", neither do we find that a motion was filed asking for a new trial based upon the pleading, nor that the plea

was in fact a demurrer and no certificate was attached thereto. The trial court apparently treated the "motion" as a plea in bar although no answer was filed in accordance with §1475.5, supra. ██ ██ We cannot reverse this case on this assignment of error because this Court has repeatedly held that where the method of pleading is not objected to in the trial court, such objection will not be considered in the Supreme Court. Christopher v. Brown, 211 Miss. 322, 51 So. 2d 579; Parisot v. Helm, 52 Miss. 617; Alexander v. Carsley, 199 Miss. 881, 25 So. 2d 709.

For the reasons above shown, we are of the opinion that the judgment of the trial court should be, and it is, hereby affirmed.

Affirmed.

*Kyle, P. J., and Ethridge, Brady and Patterson, JJ.,* concur.

* Note:

The following Sections are found in Miss. Code 1942, Rec.:

Section 3156: "The name of any candidate shall not be placed upon the official ballot in general or special elections, as a party nominee, who is not nominated, as herein provided, and the election of any party nominee who shall be nominated otherwise than as provided in this chapter shall be void and he shall not be entitled to hold the office to which he may have been elected."

Section 3260: "The ballot shall contain the names of all candidates who have been put in nomination, not less than forty (40) days previous to the day of the election, by the primary election of any political party. There shall be printed on the ballots the names of all persons so nominated, whether the nomination be otherwise known or not, upon the written request of one or more of the candidates so nominated, or of any qualified elector who will make oath that he was a participant in

the primary election, and that the person whose name is presented by him was nominated by such primary election. The commissioner shall also have printed on the ballot in any general or special election the name of any candidate who, not having been nominated by a political party, shall have been requested to be a candidate for any office by a petition filed with said commissioner not less than forty (40) days prior to the election, and signed by not less than the following number of qualified electors:

\* \* \* \* \* \*

"(e) For an office elected by the qualified electors of a county, a senatorial or flotorial district, or a municipality having a population of one thousand (1,000) or more, not less than fifty (50) qualified electors.

\* \* \* \* \* \*

"Unless the petition required above shall be filed not less than forty (40) days prior to the election, the name of the person requested to be a candidate, unless nominated by a political party, shall not be placed upon the ballot. The ballot shall contain the names of each candidate for each office, and such names shall be listed under the name of the political party such candidate represents as provided by law and as certified to the circuit clerk by the state executive committee of such political party. In the event such candidate qualifies as an independent as herein provided, he shall be listed on the ballot as an independent candidate.

\* \* \* \* \* \*",

Section 3261: "After the proper officer has knowledge of or has been notified of the nomination, as provided, of any candidate for office, the officer shall not omit his name from the ballot, unless upon the written request of the candidate nominated, made at least ten (10) days before the election; and every ballot

shall contain the names of all candidates nominated as specified, and not duly withdrawn.''

Section 3226: ''The board of commissioners shall meet at the courthouse of their county on the first Monday in October after appointment, and shall remain in session from day to day, so long as business may require. Two commissioners shall constitute a quorum to do business; but the concurrence of at least two commissioners shall be necessary in all cases for the rendition of a decision. The commissioners shall hear and determine all appeals from the decisions of the registrar of their county, allowing or refusing the applications of electors to be registered; and they shall correct illegal or improper registrations, and shall secure the elective franchise, as effected by registration, to those who may be illegally or improperly denied the same.''

Section 3227: ''All cases on appeals shall be heard by the boards of election commissioners de novo, and oral evidence may be heard by them; and they are authorized to administer oaths to witnesses before them; and they have power to subpoena witnesses, and to compel their attendance; to send for persons and papers; to require the sheriff and constables to attend them and to execute their process. The decisions of the commissioners in all cases shall be final as to questions of fact, but as to matters of law they may be revised by the circuit and Supreme Courts. The registrar shall obey the orders of the commissioners in directing a person to be registered, or a name to be stricken from the registration books.''

Section 3229: ''It shall be the duty of the commissioners, in case of appeal from their decision, to return the bill of exceptions and the appeal bond into the circuit court of the county within five days after the filing of the same with them; and the circuit courts shall have jurisdiction to hear and determine such appeals.''